■ BRINTEC CORPORATION, Appellant, v AKZO, N. V., et al., Respondents.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered December 15, 1986, which denied plaintiff's motion for a preliminary injunction, unanimously reversed, on the law and the facts and in the exercise of discretion, with costs, and the defendants are enjoined from entering into the proposed joint venture with Kollmorgen Corporation prior to November 30, 1988, on condition that plaintiff posts a $250,000 bond, within 10 days of service upon it of a copy of this court's order with notice of entry.

Plaintiff is an electronics manufacturer particularly engaged in the design, manufacture and sale of circuit boards. Plaintiff acquired the business in 1983 by purchasing the Brand-Rex subsidiary of defendant Akzo which had manufactured circuit boards. As part of the acquisition agreement, Akzo agreed not to engage, either directly or indirectly, in a competing business for a period of five years. The clause read as follows:

"10.1 Non-Compete.

"(a) Except for any business resulting from the polyimide project as defined in § 1.3 (d) herein, Akzona agrees that for a period of five years after the Closing it will not, directly or indirectly, nor will it permit any of its subsidiaries or affiliates to, nor will it have any significant interest in any businesses which, engage in any line of business or activity which is the same as or substantially similar to any line of business presently conducted by the Brand-Rex Company, in competition with the Purchaser."

Defendant Akzo publicly announced in October 1986 its intention to invest more than $50 million in a joint venture with Kollmorgen Corporation, which, among other technological enterprises, is engaged in the design, manufacture, and sale of circuit boards. The joint venture between Akzo and Kollmorgen includes two partnership agreements—one, in which Akzo would obtain a 35% interest, which would design, manufacture, and sell interconnection devices, i.e., circuit boards (the interconnection devices partnership), and the other, in which Akzo would obtain a 65% interest which would develop raw materials (the materials partnership).

Claiming that Akzo's participation in the "interconnection devices partnership" violates the noncompetition agreement,

Brintec moved for a preliminary injunction restraining Akzo from entering into the joint venture with Kollmorgen.

The plaintiff has demonstrated its clear right to injunctive relief on this record. The noncompetition clause in the contract by which Brintec acquired the company from Akzo is valid and enforceable. *(Purchasing Assocs. v Weitz,* 13 NY2d 267, 271; *Mohawk Maintenance Co. v Kessler,* 52 NY2d 276.) Contrary to the conclusions arrived at by the trial court, the record demonstrates that the business activity to be conducted by the "interconnection devices partnership" under the proposed joint venture is "substantially similar" to and is "in competition with" the business conducted by the plaintiff, thereby violating the noncompetition clause. The "multi-wire" boards manufactured by Kollmorgen perform the same function and are used by consumers in the same manner as are the "multi-layer" boards manufactured by Brintec. We also find that Akzo's more than $50 million investment to obtain a major interest in the partnerships under the proposed joint venture may be construed as "directly or *indirectly*" (emphasis added), a "significant interest", so as to run afoul of the express terms of the noncompetition clause.

Accordingly, plaintiff has demonstrated a likelihood of success on the merits. If an injunction is not issued, the goodwill of plaintiff's business will suffer irreparable harm. The balance of the equities also favors the plaintiff. Therefore, a preliminary injunction should be granted.

It may be noted that both partnerships of the proposed joint venture between the defendants and Kollmorgen are covered by the injunction directed herein. On this record it appears that the "materials partnership", although arguably outside the scope of the noncompetition provision, is so inexorably intertwined with the joint venture as a whole that it should be included in the preliminary injunction that we issue at this stage in the proceedings. Under the master joint venture agreement, both partnerships are described as "mutually dependent upon each other".

Although both partnerships are included in the scope of the injunction, our order is without prejudice to an application by the defendants at the IAS Part for permission to proceed with the "materials partnership" if, upon proper proof, they can demonstrate that it can be undertaken separately from the "interconnection devices partnership". Concur—Sandler, J. P., Ross, Kassal, Rosenberger and Ellerin, JJ.