■ HAY GROUP, INC., Appellant-Respondent, v ROBERT S. NADEL et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. CHRISTOPHER R. MATTHEWS et al., Third-Party Defendants-Appellants-Respondents.—Order, Supreme Court, New York County (Carol E. Huff, J.), entered October 9, 1990, which denied defendants' motion to dismiss the complaint or for summary judgment except to grant that portion of the motion to the extent of dismissing plaintiff's seventh cause of action, denied plaintiff's cross-motion for partial summary judgment with respect to the fifth and sixth causes of action, and denied plaintiff's cross-motion for a preliminary injunction, unanimously modified to the extent of granting plaintiff's cross-motion for a preliminary injunction and otherwise affirmed, without costs.

Plaintiff commenced this action for injunctive relief and monetary damages. The plaintiff alleged breach of various agreements including, in particular, a restrictive covenant executed by defendant Robert S. Nadel, entered into in connection with plaintiff's purchase of an on going business, and for tortious interference with such agreements. The consulting firm in which Nadel was a partner was sold to plaintiff and the partners continued as employees of the new entity. The sale price was twice the value of the partnership assets, which excess plaintiff attributes to the purchase of its good will. Nadel, holding partnership shares amounting to approximately 53% of the partnership was among the top 25% of the partners and billed approximately 23% of his time to clients in 1988 with the partnership billing more than $750,000 for work supervised by Nadel. His client activities decreased to 14% in 1989 as Nadel also acted as general manager and regional manager for the partnership. To protect the good

will, plaintiff asked, and all but one of the partners signed, restrictive covenants expressly barring them from working for a competitor for a period of two years after leaving the company. Nadel executed the restrictive covenant. In consideration of execution of the restrictive covenant and his share of the partnership, Nadel received $665,000. Nadel thereafter left plaintiff's employment and accepted a position with another consulting firm, defendant DeLoitte & Touche, in November 1989. Plaintiff contends that, while initially believing Nadel's work to consist solely of in house matters, it discovered that he was actively dealing with clients in competition to plaintiff. Plaintiff notified defendants that they were in violation of the restrictive covenant and thereafter commenced this action.

Defendants moved to dismiss the complaint or for summary judgment, contending that the restrictive covenant was unenforcible. Plaintiff cross-moved for summary judgment on two of the causes of action and for injunctive relief. The court denied the motion and cross-motion except to the extent of dismissing the seventh cause of action. No argument is raised on appeal with respect to the dismissal.

Because the covenant is reasonable, the court properly found it to be effective and denied defendants' motion to dismiss or for summary judgment *(Mohawk Maintenance Co. v Kessler,* 52 NY2d 276).

The court also properly denied plaintiff's cross-motion for summary judgment on its fifth and sixth causes of action because of the existence of genuine issues of fact. *(See, Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338.)

Plaintiff's motion for a preliminary injunction restraining defendants from further breach should have been granted as plaintiff demonstrated a likelihood of success on the merits, that it would suffer irreparable injury without the injunction, and that a balance of equities was in its favor *(Faberge Intl. v Di Pino,* 109 AD2d 235, 240). As the covenant met the standard of reasonableness, plaintiff established a likelihood of success on the merits. Further, as the claim is based on the sale of a business and accompanying good will, irreparable injuries were established without the necessity of showing actual loss of customers *(see, Brintec Corp. v Akzo, N. V.,* 129 AD2d 447). Defendants also failed to prove laches by a showing of unreasonable and inexcusable delay by plaintiff resulting in prejudice to defendants creating an equitable estoppel *(see, Weiss v Mayflower Doughnut Corp.,* 1 NY2d 310, 318). When plaintiff learned of Nadel's activities in his new employ-

ment, it immediately notified defendants of the violation of the covenant and intention to seek legal remedies. When the violation was not corrected, plaintiff commenced this action. Further, mere delay without the necessary elements creating an equitable estoppel does not preclude the grant of an injunction *(Weiss v Mayflower Doughnut Corp.,* 1 NY2d, *supra,* at 318). There is no showing that defendant changed its position as a result of any delay. Nor have any disputed issues of fact relevant to the motion for a preliminary injunction been identified. The order should thus be modified to grant the preliminary injunction. Concur—Murphy, P. J., Sullivan, Rosenberger, Ross and Asch, JJ.