■ JUDITH A. LUND, as Executor of CHARLES E. LUND, Deceased, et al., Respondents, v AGMATA WASHINGTON ENTERPRISES, INC., et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County (Diane A. Lebedeff, J.), entered May 12, 1992, which, *inter alia,* granted plaintiffs' motion for a preliminary injunction to the extent of enjoining defendant Nicholas Grammatas from engaging in the restaurant business at 19 Waverly Place, New York, New York, or anywhere else within four square blocks of 11 Waverly Place, New York, New York, unanimously affirmed, with costs.

Although defendant Nicholas Grammatas signed the document assuming the terms of the security agreement on behalf of defendant corporation in his representative capacity as its president, he was the sole shareholder and officer and is therefore bound personally by the restrictive covenant set forth in the rider to the security agreement *(see, Spilky v Atkin,* 120 AD2d 581, 582, citing *Walcutt v Clevite Corp.,* 13

NY2d 48, 56). Plaintiffs have shown entitlement to a preliminary injunction, since the claim is based on the sale of a business and accompanying goodwill, defendant's violation of the covenant establishes irreparable injury *(see, Hay Group v Nadel,* 170 AD2d 398, 399), and his seeking out a nearby location within the restricted area while the business protected by the covenant was still operating balances the equities in plaintiffs' favor. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Rubin, JJ.