■ CAPRI NAIL CORP. et al., Appellants, v IRIS NAIL CORP. et al., Respondents. [786 NYS2d 167]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered January 12, 2004, which denied plaintiffs' motion for an injunction to bar defendants from expanding their existing nail salon at Madison Avenue and 93rd Street, and granted defendants' motion for an injunction barring plaintiffs from opening and operating a nail salon at Madison Avenue and 83rd Street, unanimously affirmed, with costs.

The express language of the noncompete clause precludes either party from opening or operating any business which would

"compete with each other" within five blocks north and south, and one block east and west, of the existing locations at 1306½ and 1217 Madison Avenue. Strictly and literally construed, the noncompete provision does not prohibit the expansion of the parties' existing locations; it speaks only to the establishment of new businesses. While plaintiffs contend that the parties intended to create only a five-block (north to south) buffer zone relative to their respective existing salons, a 15-block (north to south) buffer zone was actually created, when viewing the provision's language as expressly written. Inasmuch as defendants' claim is based on the sale of a business and accompanying goodwill, the violation of the noncompete provision establishes irreparable harm (*Lund v Agmata Washington Enters.*, 190 AD2d 577 [1993]) without the necessity of showing actual loss of clientele (*Hay Group v Nadel*, 170 AD2d 398, 399 [1991]).

We have considered plaintiffs' remaining contentions and find them without merit. Concur—Nardelli, J.P., Mazzarelli, Sullivan, Friedman and Gonzalez, JJ.