■ SOUTH FERRY BUILDING COMPANY, Respondent-Appellant, v J. HENRY SCHRODER BANK & TRUST COMPANY, Appellant-Respondent. — Appeal from order of the Supreme Court, New York County (G. B. Smith, J.), entered May 5, 1982 granting plaintiff a preliminary injunction dismissed, without costs, as superseded by the order granting renewal and reargument. Order of the Supreme Court, New York County (G. B. Smith, J.), entered August 25, 1982 granting renewal and reargument of plaintiff's motion for a preliminary injunction and, upon such renewal and reargument, adhering to the original determination, modified to strike subparagraphs (b) and (c) of the second decretal paragraph of the order and, except as so modified, affirmed, without costs. Order of the Supreme Court, New York County (G. B. Smith, J.), entered August 25, 1982 denying plaintiff's motion for partial summary judgment, affirmed, without costs. Plaintiff is the landlord of One State Street Plaza. Defendant, a tenant in the building, is a banking corporation and the lessee of 11 floors and a portion of the subcellar. This is but one of the ongoing battles between them. This struggle centers about the subcellar in which defendant has centralized its computer operations and is one of seven separate actions pending between the parties. The lease is a 30-year lease which was entered

into in 1969. One of the provisions requires the landlord's prior written consent to the connection of "any additional fixtures, machinery, appliances or equipment to the Building electrical distribution system". Another provision permits "non-structural alterations, decorations, installations, additions or improvements of an estimated cost of less than $5,000 in any one instance" without the consent of the landlord provided that it does not affect the structural viability of the building and does not interfere with services furnished to other tenants. In 1981 the tenant ascertained that in order to maintain its computer services in a proper manner and operating condition, it was necessary to increase the electrical load in the subcellar. It is claimed that this increase became necessary because the building management failed to respond promptly to reset the circuit breakers when electrical distribution failed in the subcellar. When the defendant failed to gain the consent of the plaintiff to an increase of the electrical load it nevertheless proceeded to install a riser in the electrical closet on the second floor, part of the leased premises, to the subcellar. Prior to so doing, defendant consulted an electrical engineer to confirm that the installation of the riser would not adversely affect the building or other tenants therein. Plaintiff, upon learning of the installation of the riser, sent a notice to cure. To toll the running of the time to cure and thus preclude a forfeiture of its lease, defendant brought a *Yellowstone* action and sought and obtained an injunction staying and tolling the time within which to cure the alleged default with regard to electrical usage (*First Nat. Stores v Yellowstone Shopping Center*, 21 NY2d 630). Thereafter plaintiff brought this action seeking an injunction precluding defendant from making any alteration to the electrical distribution system of the building without plaintiff's prior written consent and damages. Plaintiff thereupon moved for a temporary injunction. Special Term granted the motion. Defendant thereafter moved for reargument and renewal. Special Term granted the motion but adhered to its original determination and defendant appeals therefrom. We agree with Special Term that the *status quo* ought to be preserved. However, we take issue with those portions of its order which preclude defendant from using the alterations or additions already made without the consent of the landlord and which preclude defendant from interfering with the removal of such alterations or additions. These portions we think are, in substance if not in form, a final disposition and whether or not such relief is warranted, should await trial. This case, albeit in form and substance different from *Harar Realty Corp. v Michlin & Hill* (86 AD2d 182), has many elements in common with it. Whether this alteration of the electrical distribution system of the building is such as to interfere with its structural viability remains an open question. Apparently, the installation of the riser was at a cost of less than $5,000. There is nothing to indicate that any other tenant is in any way affected. If the installation is no more than a minor violation of the lease causing no harm to plaintiff, it may well be that money damages will suffice. In short, at this stage of the proceedings, there is no basis for concluding that plaintiff will suffer irreparable harm if the conditions existing prior to the commencement of the action continue until the completion of the trial. Concur — Carro, J. P., Asch, Bloom, Milonas and Alexander, JJ.