■ In the Matter of J.O.M. Corp., Respondent, v Department of Health of the State of New York et al., Appellants, et al., Respondent.—Order of the Supreme Court, Bronx County (Richard Lee Price, J.), entered November 13, 1989, which granted the motion of petitioner for interim relief to the extent, *inter alia,* of directing respondents to pay $25,000 of the vouchers being withheld from payment, is unanimously reversed and vacated, on the law, the facts, and in the exercise of discretion and the motion denied with costs and disbursements.

Petitioner is a New York corporation which operates a retail supermarket in the Bronx and was a participating vendor, acting as a provider for respondent, Dr. Martin Luther King Health Center under the Special Supplemental Food Program for Women, Infants and Children (the "WIC" program) established pursuant to the Federal Child Nutrition Act of 1966 (42 USC § 1771 *et seq.).*

In or around 1987, respondent Department of Health commenced an audit of petitioner's books, and concurrently ceased to reimburse petitioner for WIC food instruments. Petitioner then commenced a CPLR article 78 proceeding, seeking to compel respondent to complete its audit and to reimburse petitioner for food instruments submitted by petitioner for payment.

In settlement of this article 78 proceeding, the parties entered into a stipulation dated February 23, 1988 pursuant to which, *inter alia,* petitioner agreed to withdraw its article 78 petition (and supplemental petition), and was granted limited reimbursement. In addition, the stipulation stated: "If petitioner is charged with any violations of the W.I.C. program subsequent to or as a result of the audit, any disqualification will be stayed pending a final determination."

Thereafter, as a result of the audit, respondent served petitioner with a Notice of Hearing and Statement of Charges dated June 27, 1988, which alleged, *inter alia,* that petitioner

had illegally raised the amount of WIC checks and had accepted and attempted to redeem WIC checks previously illegally accepted by another vendor. Hearings were held, and an order was issued sustaining the charges and disqualifying petitioner for a three year period effective June 20, 1989.

Relying upon the terms of the stipulation, petitioner moved to stay the effect of the disqualification and to compel respondent to reimburse petitioner for WIC vouchers subsequent to the June 20, 1989 termination date pending appeal. The interim order appealed from was issued by the Supreme Court which granted the motion. It directed respondents, *inter alia,* to pay petitioner $25,000 of vouchers currently being withheld from payment and to continue redeeming vouchers certified by petitioner's CEO.

Thereafter, Justice Silver in an order entered November 13, 1989, rejected petitioner's claim finding the determination by respondent agency was a "final determination" and denied the application. Petitioner served a notice of appeal from this latter decision and order but has not perfected the appeal to date.

Petitioner was required to make "a clear showing of likelihood of ultimate success on the merits, that the movant will suffer irreparable injury unless the relief sought is granted and that the balancing of the equities lies in favor of the movant" *(Faberge Intl. v Di Pino,* 109 AD2d 235, 240). Petitioner here did not meet any of these three predicates for relief. We note that the stipulation here was entered while the audit of petitioner was being conducted and before any formal charges were brought or a hearing scheduled. It settled the prior article 78 proceeding which was concerned with the issue of whether respondents could suspend payments during the audit before a hearing. It did not determine petitioner's rights after such a hearing. Further, the term "final determination" is commonly understood and used to denominate a final "administrative" determination. *(See, e.g.,* CPLR 7801 [1].) Thus, the determination made by the respondent agency after the hearing effective June 20, 1989 was such a "final determination" and petitioner failed, therefore, to show its likelihood of success on the merits. Moreover, petitioner did not show irreparable harm to it in the absence of a stay since monetary harm which can be compensated by damages does not constitute irreparable injury *(DeLury v City of New York,* 48 AD2d 595, 599). Finally, a balancing of the equities favors protection of the limited public funds available for this vital nutritional program, not the interest of petitioner which has

been found guilty after a hearing of misappropriating these public funds. Concur—Murphy, P. J., Sullivan, Rosenberger, Ross and Asch, JJ.