■ RESIDENTIAL BOARD OF MANAGERS OF COLUMBIA CONDOMINIUM, on Behalf of Itself and Residential Unit Owners, Respondent, v STEVEN M. ALDEN et al., Appellants.—Order of the Supreme Court, New York County (Martin Schoenfeld, J.), entered April 9, 1991 which, *inter alia,* granted plaintiff Residential Board of Managers of the Columbia Condominium's motion for a preliminary injunction requiring defendants to remove the walls enclosing the leased hallway space abutting their apartments and to restore the leased hallway space and the apartments to their original condition, unanimously reversed to the extent appealed from, on the law and the facts and in the exercise of discretion, and the motion denied, with costs.

Defendants Alden and Subotsky, husband and wife, are the owners of apartments 29D and 29E in plaintiff Columbia Condominium, located at 275 West 96th Street in the City and County of New York. The two apartments are separated by a hallway that is part of the common area of the building owned by plaintiff. Having observed that two owners of "D" and "E" line apartments on other floors had combined their apartments by incorporating the hallway between them, defendants approached plaintiff Residential Board of Managers in November 1989 to inquire if they could do the same. Plaintiff, although amenable to the proposed alteration, expressed some dissatisfaction with an architect's "sketch plan" supplied by defendants. Defendants thereupon revised their proposal and submitted a set of detailed plans and specifications for significantly less extensive renovations. Negotiations culminated in the signing of an alteration agreement, which recites plaintiff's approval of the plans, and of a lease for the common hallway between the apartments, effective May 1, 1990. Renovations commenced on May 7th and were substantially completed within 10 working days.

A disagreement arose between the parties as to whether or not a building permit is required for the alterations. While defendants vigorously dispute the need for a permit and contend that none of the other tenants who combined apartments on the same line had obtained a building permit, they nevertheless submitted a permit application to plaintiff for signature. Although plaintiff's by-laws require it to sign such an application once it has approved proposed alterations and although plaintiff concedes that a permit for such work is

issued as a matter of course upon application to the Board, plaintiff steadfastly refused to sign it.

The complaint, served on June 4, 1990, alleges that defendants' renovations are in breach of the alteration agreement and lease, plaintiff's by-laws and applicable governmental laws and regulations. Plaintiff contends that, before commencing work, defendants were required to furnish plaintiff with all plans and specifications and to obtain all necessary governmental approvals, permits and certificates, including plaintiff's signature on any requisite applications. The complaint further alleges that if unit owners are permitted to transgress in this way, plaintiff will not be able to manage the affairs of the condominium. By way of relief, the complaint seeks a declaration that defendants are in violation of plaintiff's by-laws, together with a permanent injunction compelling defendants to restore the hallway and the apartments to their original condition. By order to show cause served simultaneously with the complaint, plaintiff sought identical preliminary injunctive relief. Defendants cross-moved for an order compelling plaintiff to execute and return to them the application for a building permit. In opposition, plaintiff contended that defendants' belated attempt to obtain a building permit, even assuming their success, cannot cure their violations of plaintiff's by-laws, the parties' alteration agreement and the pertinent municipal laws and regulations. Plaintiff's notice of appeal does not seek to compel execution of the permit application and is limited to so much of the preliminary injunction as directs restoration of the premises to their original condition.

A preliminary injunction is a provisional remedy. Its function is not to determine the ultimate rights of the parties, but to maintain the status quo until there can be a full hearing on the merits *(Gambar Enters. v Kelly Servs.,* 69 AD2d 297, 306). By granting, preliminarily, the relief ultimately sought, Supreme Court has obviated the necessity for plaintiff to prosecute this action to completion. Furthermore, the order does not merely restrain action, it mandates action in the absence of any demonstration that such extraordinary relief is essential to maintain the status quo *(Times Sq. Stores Corp. v Bernice Realty Co.,* 107 AD2d 677, 682). Moreover, it is by no means clear that any building systems are affected by the renovations provided for in the alteration agreement. Therefore, even if a building permit is ultimately shown to be required, plaintiff has not demonstrated that injunctive as opposed to monetary relief is warranted *(see, South Ferry*

*Bldg. Co. v Schroder Bank & Trust Co.,* 91 AD2d 963). The need to obtain a building permit is sharply disputed and, where conflicting affidavits raise sharp issues of fact, injunctive relief should be denied *(O'Hara v Corporate Audit Co.,* 161 AD2d 309, 310).

An analysis of the merits suggests that defendants entered into the lease for the common hallway space to facilitate the renovations contemplated in the alteration agreement. Defendants advance a reasonably compelling argument that, by granting the lease in conjunction with the alteration agreement, plaintiff waived any objection to the proposed renovations and should be estopped to seek their dismantlement *(see, Haberman v Hawkins,* 170 AD2d 377 [landlord estopped from recovering possession based on unauthorized alterations where landlord consented to alterations and waited four years before alleging violation of lease]; *Newmann v Mapama Corp.,* 96 AD2d 793, 794 [preliminary injunction requiring removal of alterations to leased premises reversed in the absence of any showing of imminent danger or irreparable harm]). In the cases relied upon by Supreme Court *(Matter of Levandusky v One Fifth Ave. Apt. Corp.,* 75 NY2d 530, 540; *Board of Managers of Ocean Terrace Towne House Condominium v Lent,* 148 AD2d 408, *lv denied* 75 NY2d 702, and others), defendant either had not sought or had been expressly denied approval for an alteration or renovation, but nevertheless proceeded in defiance of the board's rules or decisions. In none of these cases did the landlord or board try to stop construction or compel demolition of the renovations it had approved.

If defendants are compelled to tear down the renovations, they will be deprived of the use of the common hallway leased from plaintiff, for which they have already paid $6,300 in rent and $10,000 as a security deposit and for which they remain obligated to pay rent during the pendency of this action. Finally, if defendants ultimately prevail, they will have been forced to incur the unnecessary expense of demolition and reconstruction. Concur—Carro, J. P., Ellerin, Wallach, Ross and Rubin, JJ.