■ SPORTSCHANNEL AMERICA ASSOCIATES, Appellant, v NATIONAL HOCKEY LEAGUE, Respondent.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered September 16, 1992, which denied plaintiff SportsChannel America Associates' motion for a preliminary injunction enjoining defendant National Hockey League (NHL), or any of its member teams, from, *inter alia,* taking or permitting any action in furtherance or performance of a purported agreement between NHL and Entertainment Sports Programming Network (ESPN) for the broadcast of NHL hockey games commencing in the 1992-1993 season, unanimously affirmed, with costs.

SportsChannel, a nationwide cable television programming service, seeks to enjoin the NHL from breaching paragraph 12, the alleged "right of first refusal" provision of a broadcast letter agreement they entered into on October 1, 1991, pursuant to which SportsChannel had broadcast NHL games during the 1991-1992 hockey season, by failing to provide SportsChannel with an appropriate renewal offer for a broadcast agreement for the 1992-1993 hockey season and by entering into a separate agreement, dated September 2, 1992, with ESPN for the right to broadcast NHL games in the 1992-1993 and subsequent seasons.

The IAS Court did not abuse its discretion in denying SportsChannel's motion for a preliminary injunction against the NHL's performance of its agreement with ESPN.

SportsChannel has failed to demonstrate that it is likely to succeed on the merits, the terms of paragraph 12 being too imprecise and ambiguous to warrant that conclusion at this juncture. Indeed, SportsChannel itself offers several conflicting interpretations of its alleged right of first refusal. Injunctive relief is inappropriate when sought upon contractual language that leaves the rights of the parties open to doubt and uncertainty (*Gulf & W. Corp. v New York Times Co.,* 81 AD2d 772, 773; *Xerox Corp. v Neises,* 31 AD2d 195, 198).

Nor does SportsChannel show irreparable harm. Damages compensable in money and capable of calculation, *albeit* with some difficulty, are not irreparable (*Van Wagner Adv. Corp. v S & M Enters.,* 67 NY2d 186; *Matter of J.O.M. Corp. v Department of Health,* 173 AD2d 153, 154).

Injunctive relief is also inappropriate inasmuch as Sports-Channel concedes that the injunction would have the effect of granting it the ultimate relief it seeks. In effect, SportsChannel is improperly seeking a decree of specific performance in the guise of an injunction pendente lite (*Xerox Corp. v Neises, supra,* at 197; *Allied-Crossroads Nuclear Corp. v Atcor, Inc.,* 25 AD2d 643, 644).

Finally, the IAS Court, in denying injunctive relief, properly considered the interests of the NHL fans who would be deprived of their right to watch the nationally televised hockey games if the NHL were forced to blackout its games for all or part of the 1992-1993 season (*see, Pocket Books v Dell Publ. Co.,* 49 Misc 2d 252, 256), and correctly ruled that SportsChannel's laches in not seeking the injunction until broadcast plans were required to be finalized, less than a month before the scheduled October 6, 1992 commencement of the NHL 1992-1993 regular season, instead of months earlier when it became aware of the NHL/ESPN negotiations, weighed against SportsChannel on a balancing of the equities (*Schulwolf v Cerro Corp.,* 86 Misc 2d 292, 299; *Estate of Hemingway v Random House,* 49 Misc 2d 726, *affd* 25 AD2d 719). Concur—Ellerin, J. P., Wallach, Ross, Kassal and Rubin, JJ.