■ LEONARD A. WILF et al., Respondents, v ISRAEL HAL-PERN, Appellant. [599 NYS2d 579] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered March 23, 1993, as amended by two orders of the same court and Justice, entered on March 25, 1993 and March 29, 1993, *inter alia,* granting plaintiffs' motion for a mandatory preliminary injunction, unanimously affirmed, with costs.

The IAS Court properly exercised its discretion in directing defendant to execute, in writing, his personal consent to the proposed refinancing of the partnership debt, there being sufficient evidence, adduced after an extensive hearing, that defendant's repeated refusal to consent to the refinancing was solely for personal gain in order to obtain a cash buyout, in contravention of the fundamental implied covenant of good faith and fair dealing governing the partners' fiduciary obligations to one another *(see, Wieder v Skala,* 80 NY2d 628, 637), and threatened irreparable harm to his own as well as plaintiffs' partnership interest by permitting foreclosure upon the partnership property and the ultimate destruction of the partnership as a viable business entity. On this aspect of the case, we affirm essentially for the reasons stated by Supreme Court.

The provision in the partnership agreement requiring unanimity does not, as defendant asserts, give him an absolute right, at his sole whim and discretion, to impede significant functions of the partnership solely for personal gain, but must be construed in light of defendant's fiduciary obligation of undivided loyalty to his fellow partners, as well as those provisions of the partnership agreement requiring each partner to execute any documents necessary or expedient to the achievement of the partnership's purposes and to cooperate with each other to effectuate and advance its goals *(supra; see also, Birnbaum v Birnbaum,* 73 NY2d 461, 466).

We have reviewed defendant's remaining claims, including his assertion of failure to join necessary parties raised for the first time on argument of the appeal, and find them to be without merit. Concur—Sullivan, J. P., Carro, Wallach and Nardelli, JJ.