■ 410 SIXTH AVENUE FOODS, INC., et al., Respondents, v 410 SIXTH AVENUE, INC., et al., Appellants. [602 NYS2d 835] — Order, Supreme Court, New York County (Seymour Schwartz, J.), entered October 5, 1992, which granted plaintiffs' motion for a preliminary injunction, is unanimously reversed, on the law and facts, with costs and disbursements payable to appellants.

Plaintiffs (Tenants) entered into two lease agreements with defendants (Landlord) for buildings respectively located at 410 and 408 Sixth Avenue in New York City. As security for its performance under the rental agreements, Tenants obtained two letters of credit from Republic National Bank, each in the amount of $25,000. The letters of credit provided that the holder (i.e., the Landlord) could draw them down in the event of the Tenants' default under the leases.

By a subsequent amendment to the leases, Tenants were obliged to make nine specific renovations to each of the buildings within six months. The due date for those renovations at 408 Sixth, where the lease commenced on July 1, 1991, was extended until June 2, 1992. The lease for the building at 410 Sixth, which commenced on August 23, 1991, provided that the renovations at 410 Sixth were due by February 22, 1992. Both deadlines passed without Tenants making the specified improvements. After the second deadline passed, Landlord notified Tenants in a letter dated June 5, 1992, that they were in material default for failing to make these improvements.

After the defaults Tenants requested that the Landlord approve a sublease of the 410 building. However, the Landlord refused to approve the proposed subtenant. Tenants submit that Landlord's refusal was improper and in bad faith. In response to the Landlord's refusal, the Tenants stopped paying rent to Landlord and deposited the monthly rent in an account specifically designated for that purpose. In July 1992, Landlord notified Tenants that they were in default for non-

payment of rent under the 410 lease and initiated a summary proceeding to recover the premises and for back rent.

On September 16, 1992, Landlord attempted to draw on the letters of credit and Tenants moved by order to show cause for an order, *inter alia,* preliminarily enjoining the Landlord from drawing upon, and the bank from paying upon the letters of credit. The IAS Court granted a temporary restraining order, and, after a hearing, granted the preliminary injunction, without opinion.

For an injunction to issue, the requesting party must demonstrate a likelihood of success on the merits, irreparable harm, and that a balancing of the equities tips in that party's favor *(Albini v Solork Assocs.,* 37 AD2d 835).

Under the doctrine of separate contracts, a letter of credit is independent of disputes concerning the underlying contract. The only way for the purchaser of a letter of credit to succeed on an action to defeat payment on that letter of credit is to demonstrate fraud in the transaction or presentment of the letter (UCC 5-114 [2]; *United Bank v Cambridge Sporting Goods Corp.,* 41 NY2d 254). Tenants do not allege fraud in the presentment of the letter. Fraud in the transaction is limited to instances of active intentional fraud *(Chiat/Day Inc., Adv. v Kalimian,* 105 AD2d 94, 97).

Contrary to Tenants' assertion, Article 39 of the lease relating to the improvements allows, but does not require, arbitration. In pertinent part, that provision provides: "39.03 Tenant acknowledges and agrees that if Tenant shall default under the provisions of this Article 39, such default shall be a material default under the Lease. Any dispute between Tenant and Landlord as to Tenant's obligations as set forth in this Article 39, *may, at either party's option, be resolved by arbitration* in the manner as described in Section 38.08 hereof." (Emphasis added.)

In any event, plaintiffs' failure to pay rent constitutes a separate default that is unrelated to Article 39.

The appropriate lease provisions, in addition, do not support Tenants' claim that the Landlord disregarded the provisions concerning the procedure for subleasing. In part, Section 11.05 states: *"[P]rovided Tenant is not in default of any of Tenant's obligations under this Lease,* Landlord shall not unreasonably withhold or delay its consent to a single assignment or subletting of this Lease effected within two (2) years of the date of this Lease." (Emphasis added.)

In view of Tenants' already existing default for failing to

make the Article 39 improvements, it appears that Landlord was not constrained by this provision.

In sum, the record does not support Tenants' claim that the Landlord's failure to abide by the lease provisions constitutes active intentional fraud by defendants. At best, the evidence supports solely mutual allegations of breach of contract, not fraud *(see, Magar, Inc. v National Westminster Bank,* 189 AD2d 580, *lv dismissed* 81 NY2d 952).

Finally, the record also fails to support the second requirement for an injunction. There is no indication that Tenants would suffer irreparable harm absent such relief. " '[D]amages would appear to be an adequate remedy if [Tenants'] rights have been interfered with in any way. There is thus no ground for an injunction.' " *(Chiat/Day Inc., Adv. v Kalimian, supra,* at 98, quoting *Foreign Venture Ltd. Partnership v Chemical Bank,* 59 AD2d 352, 356.)

Accordingly, the order of the IAS Court is reversed and the motion for a preliminary injunction denied. Concur—Rosenberger, J. P., Asch, Kassal and Rubin, JJ.