■ RONALD HUNTER et al., Respondents-Appellants, v BTC BLOCK 17/18, INC., et al., Appellants-Respondents. RONALD HUNTER et al., Respondents-Appellants, v UNILAND CONSTRUCTION CORP., Appellant-Respondent. [621 NYS2d 270] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Ronald Hunter (plaintiff) was injured while employed by Norstar Construction, Inc., the general contractor retained to construct a parking ramp in Buffalo owned by defendant BTC Block 17/18, Inc. Defendant Uniland Construction Corp. was

the construction manager for BTC Block 17/18, Inc. Plaintiff's injury occurred when a concrete form that plaintiff and a co-worker were installing tipped away from them, causing plaintiff's left hand to become impaled on a piece of wire at the rear of the form. Plaintiff commenced this action alleging violations of the Labor Law and common-law negligence. His wife asserted a derivative cause of action. After joinder of issue, defendants moved and plaintiffs cross-moved for summary judgment. Supreme Court granted in part defendants' motion by dismissing the causes of actions alleging violations of Labor Law § 240 (1) and § 241 (6), but denied that part of the motion that sought dismissal of the cause of action asserting common-law negligence and a violation of Labor Law § 200.

The court should have granted that part of defendants' motion for summary judgment seeking dismissal of the common-law negligence and Labor Law § 200 causes of action. In support of their motion, defendants submitted evidentiary proof in admissible form demonstrating that they did not supervise or direct any of the activities of the general contractor's employees, including plaintiff, at the work site. In opposition, plaintiffs failed to proffer evidentiary proof in admissible form to raise a triable issue of fact whether defendants supervised or directed the activities of the general contractor's employees at that location. "Where the alleged defect or dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law or under Labor Law § 200" *(Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877).

We reject the contention of plaintiffs that the court erred in granting that part of defendants' motion for summary judgment seeking dismissal of the Labor Law § 240 (1) cause of action. Although plaintiffs argue that the concrete form was a falling object because it extended to a level above plaintiff's head, we conclude that the form was at the same level as the work site. Therefore, plaintiff's injury was not the result of plaintiff's exposure to "the extraordinary elevation risks envisioned by Labor Law § 240 (1)" *(Rodriguez v Tietz Ctr. for Nursing Care,* 84 NY2d 841, 843; *see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 499-501; *Maracle v DiFranco,* 197 AD2d 877, 878). (Appeals from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Fallon, Davis and Boehm, JJ.