■ New York Automobile Insurance Plan, Respondent, v New York Schools Insurance Reciprocal, Appellant. [659 NYS2d 881] —Order, Supreme Court, New York County (Norman Ryp, J.), entered October 29, 1996, and as amended by order of the same court and Justice, entered November 27, 1996, which, insofar as appealed from, as limited by defendant's brief, preliminarily enjoined defendant from declining assignments made by plaintiff, unanimously reversed, on the law, without costs, and the preliminary injunction vacated.

Defendant is a municipal reciprocal insurer authorized pursuant to Insurance Law article 61; by statutory definition, its subscribers consist of school districts and boards of cooperative educational services that must satisfy certain criteria. Plaintiff is an insurance plan created as a mechanism to provide insurance for individuals who cannot otherwise obtain insurance in the voluntary market. Plaintiff accordingly makes assignments

of such insurance risks to various carriers pursuant to Insurance Law § 5301 (a), which provides that "[a]ll insurers licensed to write motor vehicle insurance in this state shall subscribe to and participate in the reasonable plan or plans, approved, or which may be approved, by the superintendent after consultation with such insurers, for equitable apportionment among such insurers of applicants for such insurance who are in good faith entitled to but are unable to procure it through ordinary methods."

The ultimate issue in this litigation is whether a municipal reciprocal insurer such as defendant is subject to compliance with section 5301, or whether, by virtue of the terms of article 61, it is exempt or, indeed, forbidden, from accepting assignments of such insurance risks. The sole issue before this Court, however, is a narrow one, namely, whether preliminary injunctive relief was warranted. Such drastic relief is appropriate only where a party has established "(1) a likelihood of success on the merits of the pending action, (2) irreparable injury absent such relief, and (3) a balancing of the equities in favor of the relief sought (*Grant Co. v Srogi*, 52 NY2d 496, 517)" (*Amarant v D'Antonio*, 197 AD2d 432, 435). The purpose of such relief is not to reach a determination of the ultimate merits of the action, but to "maintain the status quo" pending such resolution (*Residential Bd. of Mgrs. v Alden*, 178 AD2d 121, 122).

In the instant case, the IAS Court erred in granting preliminary injunctive relief. First, the court seemed to reach a determination on the merits by concluding that defendant "is bound" to comply with Insurance Law § 5301; it also, in effect, has granted plaintiff the ultimate relief sought (*see, Residential Bd. of Mgrs. v Alden, supra*; *SportsChannel Am. Assocs. v National Hockey League*, 186 AD2d 417, 418). Such a final determination is unwarranted and, indeed, is an abuse of discretion on a motion for preliminary injunctive relief (*Residential Bd. of Mgrs. v Alden, supra*).

Second, the court failed to recognize or consider the remaining two factors cited above, which, upon examination, weigh in defendant's favor. No irreparable injury would result from the absence of injunctive relief, given that no one's insurance was terminated as a result of defendant's actions: the fact is that, prior to the lawsuit, defendant had never accepted such assignments from plaintiff under section 5301, and that plaintiff, upon defendant's rejection of such assignments, had always reassigned them. Thus, neither the public at large nor plaintiff was at risk of irreparable harm absent injunctive relief during the pendency of the litigation.

In terms of maintaining the status quo, the very purpose of preliminary injunctive relief, the injunction here dramatically altered, rather than maintained, the status quo existing between the parties. Up until March 1996, defendant had consistently rejected assignments made by plaintiff, whereupon, on each occasion, plaintiff had reassigned the risks to other carriers. In March 1996, however, plaintiff having made one such assignment and defendant having rejected it, plaintiff took the position that defendant was now required under Insurance Law 5301 to accept such assignments. Thus, when this litigation began, defendant had never provided insurance to anyone pursuant to section 5301, but had always limited its subscribers to those authorized by statute. Given the established practice between the parties, the equities hardly weigh in plaintiff's favor, particularly since defendant believes it would violate its statutory mandate by using its public monies in connection with policies for such insurance risks.

Accordingly, it was error for the IAS Court to grant preliminary relief in the nature of enjoining defendant from declining plaintiff's assignments, and plaintiff's request for said relief should have been denied. Concur—Milonas, J. P., Ellerin, Rubin and Mazzarelli, JJ.