■ 3060 OCEAN AVENUE OWNERS, INC., Respondent, v DAVID BISTRICER et al., Appellants, et al., Defendants. [667 NYS2d 909] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered October 16, 1997, which, in an action by a residential cooperative against its sponsors for breach of fiduciary duty, insofar as appealed from, denied the sponsors' motion for a preliminary injunction restraining the cooperative from collecting from them, as owners of 52% of the cooperative's shares, their share of a 10% special assessment imposed on all shareholders for the purpose of paying legal fees incurred in this action, unanimously affirmed, with costs.

The sponsors fail to show that the cooperative's board of directors acted beyond the scope of its authority as delineated in the proprietary lease, in bad faith or in a discriminatory manner (*Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530) in levying a special assessment for the payment of legal expenses in connection with a lawsuit against them. We would also note that any harm the sponsors stand to sustain is compensable in money and readily capable of calculation (*see, SportsChannel Am. Assocs. v National Hockey League*, 186 AD2d 417, 418). We have considered the sponsors' other arguments and find them to be without merit. Concur—Sullivan J. P., Rubin, Mazzarelli and Andrias, JJ.

■ PHYLLIS T. COTTER, Also Known as PHYLLIS T. COTTER-SHAUGHNESSY, Also Known as PHYLLIS T. SHAUGHNESSY, et al., Respondents, v STRUCTURE TONE, INC., Appellant, et al., Defendant. [667 NYS2d 905] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about January 14, 1997 which, *inter alia*, denied defendant-appellant Structure Tone, Inc.'s motion for summary judgment, unanimously affirmed, without costs.

Since the deposition testimony of defendant-appellant's account executive stated that defendant-appellant's superintendent had direct dealings with the subcontractors at the work site, an issue of fact exists as to whether defendant-appellant, as the general contractor, had supervisory control over its subcontractors and thus could be held liable for a subcontractor's allegedly negligent actions (*see, Hunter v BTC Block 17/18*, 210 AD2d 968). Concur—Sullivan, J. P., Rubin, Mazzarelli and Andrias, JJ.