■ JAMIE B., by His Mother, DIANA B., on Behalf of Himself and All Others Similarly Situated, Respondent, v TINO HER-NANDEZ, as Commissioner of the New York City Department of Juvenile Justice, et al., Appellants. [712 NYS2d 91] —Order, Supreme Court, New York County (Louis York, J.), entered October 15, 1999, which granted plaintiff's motion for a prelim-inary injunction in the form of class certification, a declaration of violation of law and regulations, and direction to devise an adequate plan of action within 45 days, unanimously reversed, on the law, without costs, the motion denied and the matter remanded for further proceedings.

Each county (as well as the City of New York) must guaran-tee the availability of "conveniently accessible and adequate non-secure detention facilities" (NSD),[1] certified by the State Division for Youth, as juvenile housing resources for the Fam-ily Court (County Law § 218-a [B]; NY City Charter § 677 [c]; see also, 9 NYCRR 180.5 [a] [3] [iv]). But when there is a temporary shortage of such facilities, can detainees be placed in secure detention facilities as an alternative, for the interim?

---

1. NSD consists of staff-secure group homes with a maximum of 12 beds. Each such facility is kept locked, but its director has the discretion to take the detainees, ranging in age from 7 to 16, into the community for supervised and structured activities of a religious or recreational nature.

The issue is justiciable, but we disagree with the IAS Court's premature disposition (182 Misc 2d 954).

Plaintiff alleges that the shortage of NSD facilities is a long-standing and continuing problem, a result of poor planning for contingencies, to which defendants counter that the situation was purely temporary when this action was commenced, brought on by an emergency termination of contracts with two NSD providers due to financial irregularities. Plaintiff was himself transferred to a NSD facility shortly thereafter.

The IAS Court granted preliminary injunctive relief and class certification, as well as declaratory relief (violation of statutory and regulatory duties) that had not even been sought in the complaint. In effect, plaintiff, on his motion for a preliminary injunction, was granted ultimate relief without a trial or evidentiary hearing. Clearly, this was error. The function of a preliminary injunction is to provide a provisional remedy by maintaining the status quo pending a full hearing on the merits, rather than to determine the ultimate rights of the parties and mandate corrective action (*Residential Bd. of Mgrs. v Alden*, 178 AD2d 121, 122). Furthermore, declaring defendants to be in violation of statute and regulation on a motion for preliminary injunctive relief, without an evidentiary hearing, was an abuse of judicial discretion (*New York Auto. Ins. Plan v New York Schools Ins. Reciprocal*, 241 AD2d 313, 314) in light of the court's acknowledgment that defendants opposed treating the motion as one for permanent injunctive relief. Indeed, fact issues abound, such as whether the shortage of NSD facilities is an ongoing one, whether courts are being encouraged to make "open" remands in light of such shortage, and whether there are, in fact, adequate temporary NSD arrangements at alternate-site secure facilities.

This action has not been rendered moot by the fact that plaintiff was subsequently moved to an NSD facility pendente lite, because this is a substantial and novel issue that could recur, and one that typically evades judicial review (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715; *People ex rel. Ortiz v Commissioner of N. Y. City Dept. of Correction*, 253 AD2d 688, *affd* 93 NY2d 959). However, class action certification was inappropriate under the governmental operations rule, which presumes that the government will abide by court rulings in future cases involving similarly situated petitioners, under principles of stare decisis (*Matter of Jones v Berman*, 37 NY2d

42).[2] Individual Family Court proceedings are more than adequate for the adjudication of this issue (cf., CPLR 901 [a] [5]). There is no indication that defendants have already ignored or willfully violated prior court orders to this effect.

Accordingly, the class should be decertified, the preliminary injunction vacated, and the matter remanded for disposition on the merits. Concur—Wallach, J. P., Andrias, Saxe and Buckley, JJ. [See, 182 Misc 2d 954.]

2. It should be noted that plaintiff herein was an NSD remand, not an "open" remand, and thus cannot, in any event, represent that substantial latter element of the purported class.