OraSure TECHNOLOGIES, INC., Appellant, v PRESTIGE BRANDS HOLDINGS, INC., et al., Respondents. [836 NYS2d 128]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered November 8, 2006, which denied the application of petitioner OraSure Technologies, Inc. for a preliminary injunction enjoining respondents from, inter alia, importing and marketing a certain product, and from disclosing or using any confidential information belonging to OraSure that was obtained in their business relationship with OraSure, unani-

mously modified, on the law and the facts, to grant an injunction enjoining respondents from selling and/or marketing the Wartner product in any fashion, until further order of the court, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered January 9, 2007, which denied petitioner's motion for reargument, unanimously dismissed, without costs.

In view of the evident damage to OraSure's goodwill and customer relations attributable to respondents' breach of its agreement to market OraSure's product exclusively, evidenced by, inter alia, the decrease in sales of OraSure's product and the concomitant marketing by respondent of the product of OraSure's competitor, OraSure has demonstrated irreparable harm, as well as a likelihood of success, and has shown that the equities are in its favor (*cf. SportsChannel Am. Assoc. v National Hockey League*, 186 AD2d 417, 418 [1992]). Under Pennsylvania law, by which the parties agreed to be governed, where the harm suffered by a party is difficult to assess for damage purposes, an injunction is appropriate (*Vector Sec., Inc. v Stewart*, 88 F Supp 2d 395, 401 [ED Pa 2000]). In the competitive market in which the parties operate, news that defendants have stopped marketing petitioner's product and have commenced marketing another's, despite the existence of an exclusive distribution agreement, will in all probability have an effect on petitioner both deleterious and difficult to calculate.

Furthermore, the initial term of the distribution agreement is due to expire at the end of 2007, and it is evident that respondents have been in breach of the agreement's noncompete provisions during the period of the contract. Therefore, the preliminary injunction should continue at least until the expiration of a time past December 31, 2007 commensurate with the period that defendants have been in breach, or until the underlying proceeding has been adjudicated on the merits. Finally, in taking note of the agreement's expiration date, we make no determination as to any argument by petitioner that the agreement might be renewable by its terms. That is an issue for adjudication in the underlying proceeding.

To the extent petitioner seeks to enjoin respondents from making use of proprietary secrets, the record is insufficient to determine the merits of this contention, including, inter alia, the exact nature of this information. Concur—Mazzarelli, J.P., Andrias, Gonzalez, Catterson and Malone, JJ.