■ OraSure Technologies, Inc., Appellant, v Prestige Brands Holdings, Inc., et al., Respondents. [839 NYS2d 744]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered November 8, 2006, which denied the application of petitioner OraSure Technologies, Inc. for a preliminary injunction enjoining respondents from, inter alia, importing and marketing a certain product, and from disclosing or using any confidential information belonging to OraSure that was obtained in their business relationship from OraSure, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered January 9, 2007, which denied petitioner's motion for reargument, unanimously dismissed, without costs.

Injunctive relief is not appropriate in the instant action. OraSure, as movant for that relief, is required "to make 'a clear showing of likelihood of ultimate success on the merits, that [it] will suffer irreparable injury unless the relief sought is granted and that the balancing of the equities lies in [its favor]' " (*Matter of J.O.M. Corp. v Department of Health of State of N.Y.*, 173 AD2d 153, 154 [1991], quoting *Faberge Intl. v Di Pino*, 109 AD2d 235, 240 [1985]). OraSure failed to demonstrate irreparable harm because any damages it has sustained are calculable and can be determined at the arbitration proceeding (*see e.g. SportsChannel Am. Assoc. v National Hockey League*, 186 AD2d 417, 418 [1992]; *J.O.M. Corp. v Department of Health of State of N.Y.*, 173 AD2d at 154 ["monetary harm which can be compensated by damages does not constitute irreparable injury"]). The record is devoid of any evidence that Prestige stopped marketing OraSure's wart removal products, and while OraSure may have suffered a loss of revenue due to Prestige's breach of the exclusivity provision in the parties' contract, any damages suffered by OraSure are calculable and may be determined at the arbitration proceeding. Petitioner makes no showing that damages would be too difficult to calculate.

Although it is true that under Pennsylvania law, applicable in this matter, irreparable injury includes "loss of control of reputation, loss of trade, and loss of goodwill" (*Pappan Enters., Inc. v Hardee's Food Sys., Inc.*, 143 F3d 800, 805 [3d Cir 1998]), OraSure has not established how its goodwill and customer re-

lations could be damaged (*cf. Plate Fabrication & Machining, Inc. v Beiler*, 2006 WL 14515, \*7-8, 2006 US Dist LEXIS 52, \*26 [ED Pa 2006]). Customer goodwill "is a 'business's positive reputation' arising from a company's investment in developing customer relationships expected to continue into the foreseeable future" (2006 WL 14515 at \*7, 2006 US Dist LEXIS 52 at \*22 [internal quotation marks and citations omitted]). However, as the motion court noted, "OraSure has offered no evidence to suggest that it has any reputation or relationships with either retailers or consumers of FreezeOff." OraSure does not market or sell the product, Freeze Off, to anyone but Prestige and nowhere on the packaging of the product is there an association made between OraSure and Freeze Off. Indeed, it specifically states in the agreement between the parties that OraSure "acknowledges and agrees that all use of any of the Distributor's [Prestige] Trademarks [like Compound W Freeze Off] and all of the goodwill associated therewith shall inure solely to Distributor's [Prestige's] benefit."

In addition, in balancing the equities, the harm Prestige is likely to suffer outweighs the harm OraSure is likely to suffer (*see e.g. Coinmach Corp. v Fordham Hill Owners Corp.*, 3 AD3d 312, 314 [2004]; *410 Sixth Ave. Foods v 410 Sixth Ave.*, 197 AD2d 435, 436 [1993]). As the motion court noted, a "balancing of the equities lies in [Prestige's] favor" because a preliminary injunction "would be potentially taking the Wartner product off the shelves for an indefinite amount of time." While OraSure will be able to recover damages due to the alleged breach of the exclusivity contract, Prestige is restrained from selling and marketing its Wartner product which may cause irreparable damage to Prestige's employees, third-party vendors, and the Wartner product.

In taking note of the agreement's expiration date, we make no determination as to any argument by petitioner that the agreement might be renewable by its terms. That is an issue to be resolved in the underlying proceeding.

To the extent petitioner seeks to enjoin respondents from making use of proprietary secrets, the record is insufficient to determine the merits of this contention, including, inter alia, the exact nature of this information. Concur—Mazzarelli, J.P., Andrias, Gonzalez, Catterson and Malone, JJ. [*See* 2006 NY Slip Op 30121(U).]

Reargument granted and, upon reargument, the decision and order of this Court, entered on May 17, 2007 (40 AD3d 413 [2007]), recalled and vacated and a new decision and order substituted therefor. Leave to appeal to the Court of Appeals denied as academic; motion otherwise denied.