■ GAMA AVIATION INC. et al., Appellants, v SANDTON CAPITAL PARTNERS, L.P., et al., Respondents. KB ACQUISITION, LLC, Counterclaim Plaintiff-Respondent, v GAMA AVIATION INC. et al., Counterclaim Defendants-Appellants. [940 NYS2d 617]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered December 16, 2010, which, insofar as appealed from, denied plaintiffs' motion for a preliminary injunction, unanimously affirmed, without costs. Order, same court and Justice, entered March 11, 2011, which, insofar as appealed from as limited by the briefs, granted defendant-counterclaim plaintiff KB Acquisition, LLC's motion for a preliminary injunction ordering plaintiffs and additional counterclaim defendant Gama Holdings Limited (collectively, Gama) not to use a certain airplane and to make monthly payments to KB, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, the motion denied, and the injunction vacated.

Plaintiffs failed to show a likelihood of success on the merits, as required for the issuance of a preliminary injunction (see e.g. Doe v Axelrod, 73 NY2d 748, 751 [1988]). In the underlying lawsuit, they seek to reform a 24-month note to a 60-month note based on mutual mistake. However, given the contradiction between the affidavits submitted by plaintiffs and the affiants' own e-mails around the time of the transaction, plaintiffs failed to satisfy the heavy burden of overcoming the presumption that the executed note reflected the parties' true intention

(*see George Backer Mgt. Corp. v Acme Quilting Co.*, 46 NY2d 211, 219 [1978]).

There was no reason to issue an injunction directing Gama to make monthly payments to KB, since KB can recover the money at law (*see Corris v 129 Front Co.*, 85 AD2d 176, 178 [1982]). Indeed, to the extent it sought the payment of money, KB could not show it would suffer irreparable injury if the requested injunction were not granted (*see Matter of J.O.M. Corp. v Department of Health of State of N.Y.*, 173 AD2d 153, 154 [1991]; *Louis Lasky Mem. Med. & Dental Ctr. LLC v 63 W. 38th LLC*, 84 AD3d 528 [2011]).

KB also failed to show irreparable injury in the absence of an injunction against Gama's using the plane. If the plane loses value by being flown or by being in an accident, that damage is calculable (*see e.g. OraSure Tech., Inc. v Prestige Brands Holdings, Inc.*, 42 AD3d 348, 348 [2007]). In addition, the balance of the equities weighs in Gama's favor (*see id.* at 349; *see also Battenkill Veterinary Equine v Cangelosi*, 1 AD3d 856, 859 [2003]; *Wilf v Halpern*, 194 AD2d 508 [1993], *lv dismissed* 82 NY2d 846 [1993]). Before the parties resorted to the courts, Gama could use the plane. The court order prohibiting Gama from using the plane "dramatically altered, rather than maintained, the status quo" pending resolution on the merits (*see New York Auto. Ins. Plan v New York Schools Ins. Reciprocal*, 241 AD2d 313, 315 [1997]).

We have considered Gama's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Moskowitz, Manzanet-Daniels and Román, JJ.