Judgment, Supreme Court, New York County (Richard F. Braun, J.), entered May 8, 2012, awarding plaintiff law firm damages, and bringing up for review an order, same court and Justice, entered May 3, 2012, which, after a nonjury trial, found, inter alia, that plaintiff was entitled to payment of its accrued malpractice defense fees as a third-party beneficiary to the insurance agreement between defendant law firm and its malpractice insurance carrier, unanimously reversed, on the law, without costs, the judgment vacated, and the complaint dismissed. The Clerk is directed to enter judgment accordingly. Appeal from above order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Elaintiff lacked standing to bring the instant action as it was an incidental beneficiary to its client’s malpractice insurance policy with a nonparty insurer (see generally State of Cal. Pub. Employees’ Retirement Sys. v Shearman & Sterling, 95 NY2d 427 [2000]; Fourth Ocean Putnam Corp. v Interstate Wrecking Co., 66 NY2d 38 [1985]). There was no language in the subject insurance policy that identified plaintiff as an intended third-party beneficiary of such policy, or that indicated that plaintiff would be the lone third party that would have an interest in the retention amount sought to be paid under the insurance agreement (see Artwear, Inc. v Hughes, 202 AD2d 76, 81-82 [1st Dept 1994]). Concur—Friedman, J.E, Acosta, Moskowitz, ManzanetDaniels and Clark, JJ.