■ LA MAGICA LLC, Appellant, v 145 ATLANTIC LLC, Respondent. [61 NYS3d 492]—

Order, Supreme Court, New York County (Anil C. Singh, J.),

entered on or about March 9, 2016, which denied plaintiff's motion for a preliminary injunction, and order, same court and Justice, entered on or about July 20, 2016, which, to the extent appealed from, denied plaintiff's motion to renew, unanimously affirmed, without costs.

The motion court properly determined that plaintiff had failed to show a likelihood of success on the merits, thus requiring denial of the motion for a preliminary injunction (*see Gama Aviation Inc. v Sandton Capital Partners, L.P.*, 93 AD3d 570 [1st Dept 2012]). The authenticity of plaintiff's claimed 2009 agreement acquiring the right to use the trade name allegedly used by defendant was undermined by evidence that plaintiff had sought to acquire the right to use the trade name after 2009. Even if some evidence of such later attempts constituted hearsay, the other evidence submitted by defendant was sufficient to undermine the authenticity of the purported agreement.

Plaintiff's renewal motion was properly denied because, even if there was a reasonable excuse for the failure to submit the new evidence on the original motion, it would not have altered the outcome (*see* CPLR 2221 [e]). Although the new evidence purported to show the authenticity of the 2009 agreement, the original ruling hinged not on direct evidence of forgery of the agreement, but on the inference arising from plaintiff's principal's post-2009 conduct.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Manzanet-Daniels, J.P., Mazzarelli, Webber and Oing, JJ.