Mintz Fraade Law Firm, P.C. v Federal Ins. Co. (2021 NY Slip Op 02607)





Mintz Fraade Law Firm, P.C. v Federal Ins. Co.


2021 NY Slip Op 02607


Decided on April 29, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 29, 2021

Before: Webber, J.P., Singh, González, Shulman, JJ. 


Index No. 651330/19 Appeal No. 13703N Case No. 2020-00772 

[*1]The Mintz Fraade Law Firm, P.C., Plaintiff-Appellant,
v
Federal Insurance Company, Doing Business as Chubb, Defendant-Respondent.


Law Offices of Kramer, LLC, New York (Edward C. Kramer of counsel), for appellant.
London Fischer LLP, New York (Daniel W. London of counsel), for respondent.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered January 9, 2020, which, to the extent appealed from as limited by the briefs, granted defendant's motion to dismiss the complaint in its entirety, unanimously affirmed, without costs.
Plaintiff law firm lacks standing to recover its legal fees under the insurance policy, to which it is not a named party (Miller & Wrubel, P.C. v Todtman, Nachamie, Spizz & Johns, P.C., 106 AD3d 446 [1st Dept 2013]). Plaintiff was merely an "incidental beneficiary to its client's malpractice insurance policy" (id.). Thus, the motion court properly found that plaintiff's sole recourse was against the insured, its client, and not its client's insurance provider.
Plaintiff's argument that it had a direct contract with defendant on account of the various correspondence between itself and one of defendant's employees also fails. Indeed, these letters merely confirm, consistent with the policy's requirement that the insurer's consent of the insured's choice of counsel not be "unreasonably withheld," that defendant consented to the insured's continued retention of plaintiff.
The motion court also properly dismissed plaintiff's claim for unjust enrichment, which required a showing, among other things, that defendant was enriched (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011]). It is undisputed that defendant will pay the full limit of the policy to reimburse the insured for its defense and settlement costs of the covered claims, regardless of whether those costs were incurred by plaintiff or the other lawyers that the insured retained. Further, the retainer agreements between plaintiff and the insured govern this dispute, which provides a further basis for affirming the order (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]).
Plaintiff's tortious interference claims were also properly dismissed (AREP Fifty-Seventh, LLC v PMGP Assoc., L.P., 115 AD3d 402 [1st Dept 2014]). Plaintiff does not properly allege a breach of the retainer agreements by the insured as a client is always free to discharge its lawyer (Lowenbraun v Garvey, 60 AD3d 916, 917 [1st Dept 2009]). Nor does plaintiff sufficiently allege that defendant intentionally or improperly procured a breach of the retainer agreements or otherwise interfered with plaintiff's business relationship with the insured (NRT Metals v Laribee Wire, 102 AD2d 705, 706 [1984], appeal dismissed 63 NY2d 770 [1984]; see also Joan Hansen & Co. v Everlast World's Boxing Headquarters Corp., 296 AD2d 103, 110-111 [1st Dept 2002]). Plaintiff has failed to allege a cause of action for tortious interference with business relations, and we decline to read such a cause of action into the complaint.
Finally, plaintiff has failed to sufficiently allege a cause of action for a permanent injunction. Plaintiff has failed to plead a viable theory of liability against defendant upon which to premise its claim for injunctive relief, and plaintiff [*2]cannot demonstrate irreparable injury where, as here, its alleged damages are "compensable in money and capable of calculation" (SportsChannel Am. Assoc. v National Hockey League, 186 AD2d 417, 418 [1st Dept 1992]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 29, 2021