Medallion Fin. Corp. v Tsitiridis (2022 NY Slip Op 02090)





Medallion Fin. Corp. v Tsitiridis


2022 NY Slip Op 02090


Decided on March 29, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 29, 2022

Before: Renwick, J.P., Mazzarelli, Friedman, Singh, Pitt, JJ. 


Index No. 150365/21 Appeal No. 15251 Case No. 2021-00414 

[*1]Medallion Financial Corp. et al., Plaintiffs-Respondents,
v
Savas Tsitiridis et al., Defendants-Appellants.


Fox Rothschild LLP, New York (Brett A. Berman of counsel), for Savas Tsitiridis, appellant.
Eisenberg & Carton, Uniondale (Lloyd M. Eisenberg of counsel), for 183 Daniels Lane LLC, 27th Street Realty, LLC, Crosstown Realty Holdings LLC, LIC Realty Holdings, LLC, 1057 Jackson Ave LLC, 38-15 Queens LLC, 43-05 Vernon Boulevard, LLC, 4512 N. Elston LLC, 4536 N. Elston LLC and Azurite LLC, appellants.
Vedder Price P.C., New York (Mitchell D. Cohen of counsel), for respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered February 1, 2021, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for a preliminary injunction, unanimously reversed, on the law, without costs, and the motion denied.
In this action to set aside alleged fraudulent conveyances and other relief in aid of enforcement of money judgments, plaintiffs can be fully compensated by a monetary award, and thus an injunction will not issue because no irreparable harm will be sustained in the absence of such relief (see Credit Agricole Indosuez v Rossiyskiy Kredit Bank, 94 NY2d 541, 548 [2000] [holding that where a money judgment is "the true object of the action," an injunction should be denied] [internal quotation marks omitted]; see also Matter of Non-Emergency Transporters of N.Y. v Hammons, 249 AD2d 124, 127 [1st Dept 1998]; SportsChannel Am. Assoc. v National Hockey League, 186 AD2d 417, 418 [1st Dept 1992]).
Plaintiffs argue that Credit Agricole (94 NY2d at 541) is distinguishable because, rather than seeking to preliminarily enjoin a defendant's assets pending a potential judgment against him, they seek to enforce judgments already secured against defendant Savas Tsitiridis. However, in JSC VTB Bank v Mavlyanov (154 AD3d 560, 561 [1st Dept 2017]), we applied the Credit Agricole rule to a plaintiff who, like the instant plaintiffs, had already obtained money judgments and sought a preliminary injunction, among other measures, in aid of efforts to collect on such judgments, and held that because the judgments were monetary in nature, irreparable harm could not be shown, and a preliminary injunction should not have been granted. That plaintiffs have styled their claims as claims to "set aside" Tsitiridis's allegedly fraudulent conveyances or "levy execution" on the fraudulently conveyed assets does not alter the monetary nature of their alleged harm (see e.g. JSC VTB Bank, 154 AD3d at 561).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 29, 2022