Kingsbridge 2005, LLC v Wells Fargo Bank (2024 NY Slip Op 02279)

Kingsbridge 2005, LLC v Wells Fargo Bank

2024 NY Slip Op 02279

Decided on April 30, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 30, 2024

Before: Singh, J.P., Kennedy, Scarpulla, Pitt-Burke, JJ. 

Index No. 651607/23 Appeal No. 2166 Case No. 2023-04265 

[*1]Kingsbridge 2005, LLC, et al., Appellants,
v
Wells Fargo Bank, etc., et al., Respondents.

Morrison Cohen LLP, New York (Aaron B. Lauchheimer of counsel), for appellants.
Holland & Knight LLP, New York (David V. Mignardi of counsel), for respondents.

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered August 10, 2020, which denied plaintiffs' motion for a mandatory preliminary injunction, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in denying plaintiffs' motion for a mandatory preliminary injunction, as plaintiffs failed to establish irreparable harm in the absence of an injunction (see Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]; Uber Tech., Inc. v American Arbitration Assn., Inc., 204 AD3d 506, 508 [1st Dept 2022]). Here, the availability of quantifiable money damages precludes a finding of irreparable harm (see U.S. Re Cos., Inc. v Scheerer, 41 AD3d 152, 155 [1st Dept 2007]); SportsChannel Am. Assoc. v National Hockey League, 186 AD2d 417, 418 [1st Dept 1992]).
Plaintiffs' claim that their damages are not quantifiable is belied by their hearing testimony, in which they stated they were seeking $1.888 million in damages. Plaintiffs' contention that their inability to pursue monetary damages under the terms of the loan agreement presents a danger of irreparable harm to them is unavailing. Despite the negative covenant contained in their loan agreement, plaintiffs also assert a cause of action seeking monetary damages for tortious interference with contract.
We have considered plaintiffs' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 30, 2024