Arena Ltd. SPV, LLC v Chalets LLC (2025 NY Slip Op 03759)

Arena Ltd. SPV, LLC v Chalets LLC

2025 NY Slip Op 03759

Decided on June 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 24, 2025

Before: Webber, J.P., Friedman, Kapnick, Higgitt, Michael, JJ. 

Index No. 655311/23|Appeal No. 4630-4631|Case No. 2024-04520, 2024-04523|

[*1]Arena Limited SPV, LLC, et al., Plaintiffs-Respondents,
v
The Chalets LLC, et al., Defendants-Appellants, International Housing Concepts, Inc., Defendant. 

Drobenko & Associates, P.C., Astoria (Walter Drobenko of counsel), and Holland and Hart LLP, Las Vegas, NV (Sydney R. Gambee of the bar of the State of Nevada, admitted pro hac vice of counsel), for appellants.
Reed Smith LLP, New York (Victoria R. Serigano of counsel), for respondents.

Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered June 5, 2024, which granted plaintiffs' motion for a mandatory preliminary injunction, unanimously reversed, on the law and the facts, without costs, and the motion denied. Order, same court and Justice, entered June 5, 2024, which granted plaintiffs' motion (motion sequence no. 5) to hold defendants in contempt for violation of a previously issued temporary restraining order (TRO), unanimously reversed, on the law and on the facts, without costs, the motion denied, and contempt order vacated, including the contempt order on motion sequence no. 3.
Plaintiffs failed to show irreparable injury. As their complaint indicates, the harm they would suffer from the failure of defendants to "turn over" certain collateral is fully compensable in money damages (see Matter of J.O.M. Corp. v Department of Health of State of N.Y., 173 AD2d 153, 154 [1st Dept 1991]). Therefore, the mandatory preliminary injunction should not have been issued.
The court decided plaintiffs' prior motion for contempt, motion sequence no. 3, by incorporating it by reference in the order on motion sequence no. 5. Although defendants did not notice an appeal of the order in motion sequence no. 3, in these circumstances, we deem the appeal from motion sequence no. 5 to be an appeal from both orders.
The order of contempt must be vacated as the TRO, which defendants allegedly violated, did not contain a clear, unequivocal mandate (El-Dehdan v El-Dehdan, 26 NY3d 19, 22 [2015]; Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y., 70 NY2d 233, 240 [1987]).
We note that the court was under the incorrect belief that plaintiffs paid defendants $2.33 million to use as a down payment on the construction of the homes for the development.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 24, 2025