OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 In 1984, defendant Stanley Greenberg owned 40% and Michael Yesner owned 60% of the outstanding shares of plaintiff MGM Court Reporting Service, Inc. (MGM), a close corporation engaged in the business of providing stenographic reporting services. In August of that year, contending that Yesner had engaged in a campaign to freeze him out of MGM’s business, Greenberg commenced a proceeding seeking dissolution of the corporation pursuant to Business Corporation Law § 1104-a. In response, Yesner and MGM exercised the option provided in Business Corporation Law § 1118 and elected to purchase Greenberg’s shares at fair value rather than have the corporation dissolved
 
 (see,
 
 Business Corporation Law § 1118).
 

 The record reveals that the parties and their respective counsel engaged in extensive settlement negotiations which culminated in the execution of a settlement agreement. The agreement provided that the "fair value and purchase price” of Greenberg’s shares was $175,000 and that: "Stanley Green-berg acknowledges that MGM performs services for companies known as JJ Court Reporting Service, Dunbar Court Reporting Service and Suzanne Hand Court Reporting Service and that performance of these services constitutes part of the business of MGM. Greenberg agrees and covenants that he shall in no respect attempt to or perform any services, whether directly or indirectly, whether as an officer, agent, partner, employee for any company, independent contractor or otherwise for the aforementioned JJ Court Reporting Service, Dunbar Court Reporting Service and Suzanne Hand Court
 
 *693
 
 Reporting Service, or their successors or assigns for a period of 5 years.” The agreement further provided that it "represented] the parties’ entire agreement” as to the sale.
 

 Greenberg subsequently established his own court reporting business under the name of Precise Court Reporting Service, Inc., a codefendant herein, and allegedly began soliciting some of plaintiffs clients. This action ensued. To the extent relevant here, the complaint seeks damages in its first cause of action based upon Greenberg’s alleged breach of an implied restrictive covenant against impairment of plaintiff’s goodwill by soliciting its clients. Additionally, the fifth cause of action alleges a breach of Greenberg’s fiduciary duty arising from his alleged breach of this implied covenant.
 

 Concluding that a nonsolicitation covenant could not be implied because the sale of Greenberg’s shares resulted from Yesner’s allegedly oppressive actions leading to the dissolution proceeding and therefore was akin to a sale "under compulsion”, the Appellate Division granted defendant’s motion for summary judgment (143 AD2d 404, 405-406;
 
 see, Von Bremen v MacMonnies,
 
 200 NY 41, 50-51). Although we affirm the order of the Appellate Division, we do so for reasons different from those relied on by that court and do not reach the issue of whether a sale of corporate shares pursuant to Business Corporation Law §§ 1104-a and 1118 constitutes a sale "under compulsion”.
 

 The uncontradicted facts appearing in the record demonstrate that notwithstanding Yesner’s attempts to secure a general prohibition against Greenberg’s solicitation of MGM customers, the parties expressly limited the nonsolicitation restriction imposed upon Greenberg to three specific customers. The parties having thus negotiated and expressly defined the reach of the limitation on solicitation, a more general limitation may not be implied. Significantly, there is no claim that the agreed restriction is anything other than what it appears to be — a specific nonsolicitation covenant limited to three customers
 
 (cf., Mohawk Maintenance Co. v Kessler,
 
 52 NY2d 276).
 

 Accordingly, plaintiff’s first and fifth causes of action were properly dismissed. Having considered plaintiff’s remaining contentions, we further conclude that the second, third and fourth causes of action were also properly dismissed.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 
 *694
 
 Order affirmed, with costs, in a memorandum.