■ TITUS & DONNELLY, INC., Appellant, v ALFRED B. POTO et al., Respondents. [614 NYS2d 10] —Order, Supreme Court, New York County (Herman Cahn, J.), entered April 1, 1993, which denied plaintiff's motion for a preliminary injunction pursuant to CPLR 6301, and order, same court and Justice, entered July 22, 1993, which granted plaintiff's motion for renewal, and upon renewal adhered to its earlier decision, unanimously affirmed, with costs.

The IAS Court did not abuse its discretion in determining that the plaintiff had failed to establish its entitlement to a preliminary injunction by demonstrating a likelihood of success on the merits, irreparable injury should the relief sought be denied and a balancing of the equities in its favor (Grant Co. v Srogi, 52 NY2d 496, 517) and in denying plaintiff's application for preliminary injunctive relief seeking to enjoin one of its former owners, defendant Poto, a 10% minority shareholder, and Poto's current employer, defendant Cantor, from soliciting any of the plaintiff's former customers and from soliciting or encouraging any of the plaintiff's employees to join defendant Cantor.

The plaintiff failed to proffer any competent evidence, other than unsubstantiated allegations, of active solicitation by Cantor or Poto sufficient to demonstrate a clear right to the relief sought.

Plaintiff's reliance upon Mohawk Maintenance Co. v Kessler (52 NY2d 276), wherein an implied covenant was imposed upon the seller of a business to permanently refrain from soliciting former customers after the sale of a business and its goodwill, is misplaced. The unlimited implied restrictions set forth therein are inapplicable, where, as here, the parties, Poto and Titus, specifically negotiated and expressly agreed to impose a less onerous restriction upon the seller, Poto, after the sale, and to thereby forgo the implied covenant recognized in Mohawk, by entering into an express non-competition agreement which was of limited duration, restricting solicitation of employees and customers by Poto only through February 28, 1993 (MGM Ct. Reporting Serv. v Greenberg, 74 NY2d 691).

The IAS Court properly observed that the sale of plaintiff's business did not, as in Mohawk (supra), include any customer goodwill possessed by defendant Poto, and the granting of the requested injunction restraining defendant Poto from solicit-

ing his former customers would, in reality, be equivalent to improperly forcing Poto to leave the municipal bond brokerage business and bar him from pursuing his career, given the extremely competitive and unique nature of the municipal securities brokerage field, where, as plaintiff concedes, "broker's brokers" actively compete for the opportunity to sell the same bonds at the same price to the same limited, easily identifiable, group of overlapping institutional clients, well known throughout the industry *(Leo Silfen, Inc. v Cream,* 29 NY2d 387, 392). Concur—Sullivan, J. P., Carro, Ellerin and Asch, JJ.