■ GOLDOME CORPORATION, Individually and as Recipient of Dividend of Claims of Smith, Treiber & Wittig, Inc., Respon-

dent, v Leon Wittig, Appellant, et al., Defendants. [634 NYS2d 308] —Order insofar as appealed from unanimously reversed on the law with costs, motion granted and third and eleventh causes of action dismissed. Memorandum: Supreme Court should have granted the motion of Leon Wittig (defendant) for summary judgment dismissing plaintiff's third and eleventh causes of action on the ground that the claims asserted in those causes of action had been discharged by the release contained in the April 28, 1989 settlement agreement. By purchase agreement dated December 31, 1986, plaintiff purchased the stock of Smith, Treiber & Wittig, Inc. (STW) from defendant for the sum of $3,559,241. The stock purchase agreement included a provision that, before the closing date, defendant would enter into an employment contract with plaintiff. That contract was signed contemporaneously with the closing of the stock purchase agreement on December 31, 1986. Article 10 of the employment agreement provided that, during the term of the agreement and for three years following its expiration, defendant was barred from directly or indirectly seeking business from any person or entity that was a customer of STW or had been a customer within 18 months of the effective date of such termination. On April 28, 1989, STW and defendant entered into a settlement agreement to resolve all disagreements or controversies between STW and defendant and to specify any and all rights between STW and defendant. Paragraph 2.2 of the settlement agreement reaffirmed the "non-compete" provision of the employment agreement, which was to remain in full force and effect for a three-year period commencing March 3, 1989. The settlement agreement also contained a mutual release running between STW, and plaintiff and defendant that discharged defendant of "all cause and causes of action * * * covenants * * * and demands whatsoever, in law or in equity which against him any of them ever had * * * from the beginning of the world to the day of the date of these presents". Defendant was not released from "such rights as arise out of the payment and performance obligations set forth in this Agreement".

In 1992 plaintiff commenced this action against, *inter alia,* defendant, asserting that defendant breached the 1989 non-competition agreement, the 1986 employment agreement and the implied duty of non-solicitation arising from the sale of stock and goodwill of STW to plaintiff in 1986. Specifically, the third and eleventh causes of action asserted that defendant, by soliciting customers of STW, breached the implied covenant of non-solicitation arising from the sale by defendant of STW stock to plaintiff in 1986. Defendant moved for summary judg-

ment dismissing those causes of action on the ground that those claims had been discharged by the release provision in the settlement agreement. The court denied the motion.

Because the clear and unambiguous language in the release discharged defendant from all covenants in law or equity, plaintiff may not assert a cause of action against defendant based on the implied covenant of non-solicitation arising from the 1986 stock purchase agreement *(see, LeMay v H. W. Keeney, Inc.,* 124 AD2d 1026, 1027, *lv denied* 69 NY2d 607). We reject the contention of plaintiff that the settlement agreement was an executory accord and that, therefore, the release does not bar its causes of action. The language of the settlement agreement establishes that it superseded and extinguished the employment agreement, and thus plaintiff's remedy is to sue based on the breach of that agreement *(see, Northville Indus. Corp. v Fort Neck Oil Terms. Corp.,* 100 AD2d 865, 867, *affd* 64 NY2d 930). We likewise reject the contention of plaintiff that the indefinite implied covenant of non-solicitation cannot be limited or extinguished by the unambiguous language of the settlement agreement *(see generally, MGM Ct. Reporting Serv. v Greenberg,* 74 NY2d 691; *Titus & Donnelly v Poto,* 205 AD2d 475). Consequently, we grant defendant's motion for summary judgment dismissing plaintiff's third and eleventh causes of action. (Appeal from Order of Supreme Court, Oneida County, Murad, J.—Restrictive Covenant.) Present—Green, J. P., Lawton, Callahan, Balio and Boehm, JJ.