■ CHRISTIAN MALTBY et al., Appellants, v HARLOW MEYER SAVAGE, INC., Respondent and Counterclaim Plaintiff-Respondent. CHRISTIAN MALTBY et al., Counterclaim Defendants-Appellants, et al., Counterclaim Defendant. [637

NYS2d 110] —Order, Supreme Court, New York County (Herman Cahn, J.), entered September 15, 1995, which, *inter alia*, granted defendant and counterclaim plaintiff's motion for a preliminary injunction enjoining the individual plaintiffs and counterclaim defendants from engaging in any business competitive with that of defendant and counterclaim plaintiff for a period of six months, unanimously affirmed, without costs.

It was a proper exercise of discretion for the IAS Court to have granted defendant Harlow Meyer Savage, Inc.'s motion for a preliminary injunction since it demonstrated a likelihood of success on the merits, that it will be irreparably injured absent the issuance of a preliminary injunction and that the balance of the equities lies in its favor (*Grant Co. v Srogi*, 52 NY2d 496, 517; *cf., American Broadcasting Cos. v Wolf*, 52 NY2d 394). Plaintiffs were provided with the choice of signing the contract containing the restrictive covenant or continuing with their old employment contract, which did not contain such anticompetitive provision and which did not provide them with the job security or high salaries that the new contract afforded them. After consulting with counsel, plaintiffs signed the new agreement, which restricted their employment for a period of six months but which also required defendant to pay them their full base salaries during the restrictive period. The testimony at the hearing conducted on the motion also established that the services provided by plaintiffs were unique (*cf., Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.*, 42 NY2d 496; *Reed, Roberts Assocs. v Strauman*, 40 NY2d 303).

Plaintiffs' contention that defendant should be judicially estopped from obtaining an injunction in this case since it took a contrary position in *Bierbaum-Martin, Inc. v Tullo* (Sup Ct, NY County, Karla Moskowitz, J., index No. 124559/93), is without merit. Unlike the situation herein, Bierbaum-Martin itself breached that agreement and that agreement did not provide for payment of compensation to the employee for the restrictive period, such that that employee was prevented from earning a living.

We have considered plaintiffs' remaining contention and find it to be without merit. Concur—Sullivan, J. P., Wallach, Ross and Williams, JJ. *[See,* 166 Misc 2d 481.]