■ SCOTT CRIPPEN, Respondent, v UNITED PETROLEUM FEEDSTOCKS, INC., Appellant. [666 NYS2d 156] —Order, Supreme Court, New York County (Charles Ramos, J.), entered July 18, 1997, which granted plaintiff employee's motion for a preliminary injunction, unanimously modified, on the law, and the facts, to the extent of requiring plaintiff to post a bond in the amount of $10,000, and otherwise affirmed, without costs.

The restrictive covenant in issue, which provides that

plaintiff "shall not * * * become or be interested in or associated with * * * any individual or entity * * * engaged in the oil brokerage business in * * * any country in which [defendant] or an affiliate thereof is then engaged in such business", is unreasonably broad on its face both geographically and with respect to the types of positions plaintiff may not accept. We decline defendant's suggestion to modify the covenant so as to restrict plaintiff only from working for defendant's primary North American competitor, and to provide for defendant's continuing to pay plaintiff's base salary during the period of restriction. While such modifications might render the covenant enforceable (see, Maltby v Harlow Meyer Savage, 166 Misc 2d 481, affd 223 AD2d 516, lv dismissed 88 NY2d 874), they would alter the original contract so drastically as to preclude a present finding that plaintiff would have accepted the contract under those terms; defendant should have drafted the agreement to include such provisions from the start and allowed plaintiff to decide whether to sign. However, it was error to grant the preliminary injunction without requiring plaintiff's posting of an undertaking (CPLR 6312 [b]), and we modify to require such in the amount we deem sufficient. Concur—Wallach, J. P., Rubin, Williams, Tom and Andrias, JJ.