■ MICHAEL B. JOSEPH et al., Appellants, v SOLOW BUILDING COMPANY, L. L. C., et al., Respondents. [726 NYS2d 642] —Orders, Supreme Court, New York County (Ira Gammerman, J.), entered January 23 and January 26, 2001, which denied plaintiffs' motion for a preliminary injunction to enjoin defendant PNC Bank, N.A. from honoring a letter of credit drawn in favor of defendant Solow Building Company, L. L. C., unanimously affirmed, without costs.

Preliminary injunctive relief was properly denied since plaintiff movants failed to demonstrate (1) a likelihood of success on the merits; (2) that they will suffer irreparable harm in the absence of injunctive relief; and (3) a balancing of the equities in their favor (*see, Maltby v Harlow Meyer Savage*, 223 AD2d 516, *lv dismissed* 88 NY2d 874). There is no merit to plaintiffs' argument that an "Event of Default" did not occur

under the subject lease agreement upon the filing of a petition for liquidation and ancillary bankruptcy petition by the lease guarantor. The guarantor was deemed to be a "tenant" under the default provision of the lease and the filing of a bankruptcy petition by a "tenant" was plainly an "Event of Default" pursuant to section 16.1 (E) of the lease. Accordingly, defendant landlord was entitled to the security agreed upon, and did not misrepresent the "tenant's" default in its presentment to the bank for payment on the letter of credit (see, Mennen v J. P. Morgan & Co., 91 NY2d 13, 19-22).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Rosenberger, J. P., Williams, Tom, Wallach and Friedman, JJ.