■ STERLING FIFTH ASSOCIATES, Respondent, v CARPENTILLE CORPORATION, INC., Appellant, and LODINA CORPORATION N.V., Respondent. (And a Third-Party Action.) [774 NYS2d 140]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered October 14, 2003, which granted plaintiff's motion for a preliminary injunction against defendant Carpentille Corporation, Inc., unanimously reversed, on the law, without costs, the motion denied and the preliminary injunction vacated.

Plaintiff Sterling Fifth Associates and defendant Carpentille Corporation, Inc. are partners with First Stone Associates, L.P. in 575 Fifth Associates, a general partnership whose sole asset is a commercial office building at 575 Fifth Avenue in Manhattan. Metropolitan Life Insurance Company has a first mortgage on the building of approximately $147 million and the partnership owes defendant Lodina Corporation N.V. approximately $111 million pursuant to a nonrecourse promissory note, which in the ordinary course is due January 1, 2007. Lodina is an affiliate of Carpentille.

On or about July 14, 2003, Carpentille served a notice upon its partners, pursuant to the terms of the parties' December 9, 1988 partnership agreement, proposing to sell the building for $250 million. Pursuant to the terms of the agreement, the two other partners, Sterling and First Stone, had 30 days within which to purchase the building for $250 million or, in the alternative, to purchase Carpentille's 49.9% interest in the partnership together with the Lodina note.

Rather than exercising either of its options under the partnership agreement, Sterling commenced this action, alleging, inter alia, breach of contract and breach of fiduciary duty, and moved for a preliminary injunction tolling the 30-day option period pending the outcome. After hearing oral argument on August 19, 2003, the motion court entered an order on October 14,

2003, which granted a preliminary injunction preventing the sale of the building and this appeal ensued.

That preliminary injunction should have been denied since plaintiff failed to make the requisite clear showing of a likelihood of success on the merits, irreparable harm if the injunction was not granted, and a balance of the equities in its favor (*Aetna Ins. Co. v Capasso,* 75 NY2d 860 [1990]; *W.T. Grant Co. v Srogi,* 52 NY2d 496, 517 [1981]).

The motion court's order was based upon its finding that plaintiff had shown a sufficient likelihood of success on its claim that Carpentille, by exercising its rights under the partnership agreement, was violating its implied covenant of good faith and fair dealing inasmuch as the proposed sale price for the building would result in no distribution to the partnership.

However, assuming arguendo that plaintiff has made a sufficient showing of a likelihood of success on the merits of the complaint, a conclusion that is certainly questionable in light of the clear terms of the partnership agreement and the applicable fiduciary standards (*see Riviera Congress Assoc. v Yassky,* 18 NY2d 540, 548 [1966] ["partners may include in the partnership articles practically 'any agreement they wish' . . . and, if the asserted self-dealing was actually contemplated and authorized, it would not, *ipso facto,* be impermissible and deemed wrongful" (citations omitted)]), and accepting Sterling's allegations of self-dealing by Carpentille in forcing a sale of the building at a loss in order to accelerate payment of the Lodina note, the proceeds of which it will share in, it has failed to make any showing of irreparable injury. For that reason alone, the preliminary injunction must be vacated.

The motion court's finding that, if the building were sold, plaintiff would lose its income as the building's manager and its right to whatever tax benefits it had, and its conclusion: "Whether that is measurable in monetary damages is questionable," are insufficient to constitute irreparable harm. Lost profits and tax benefits, however difficult to compute they may be, are clearly compensable with money damages. In any event, plaintiff never relied upon lost income or tax benefits as a basis for its claim of irreparable injury and does not argue that on appeal. Instead, it specifically disclaimed its "function as manager" as a basis for finding irreparable harm. Its sole argument on appeal is that Carpentille's sole asset is its 49.9% interest in the building and that if it were sold, as Carpentille proposes, Carpentille and its partners would receive nothing for their interests; however, section 1.6 (b) of the partnership agreement expressly contemplates such an eventuality.

Plaintiff further contends that it would be irreparably harmed by the potential uncollectibility of any judgment for money damages against Carpentille which would also be difficult to quantify because it could require a projection of future lost profits and real estate appreciation. However, to the extent that such argument could be construed to allege that Carpentille is about to secrete its assets or remove them from the state with intent to defraud its creditors, a claim not presently made, plaintiff's remedy, if it could establish such conduct, would be an order of attachment pursuant to CPLR 6201 (3), not a preliminary injunction. Finally, contrary to plaintiff's claim, its ownership interest in the building is not unique and, if it is successful in this action, the loss of such interest may also be compensated for by money damages. Concur—Andrias, J.P., Ellerin, Williams and Gonzalez, JJ.