GOOD ENERGY, L.P., et al., Respondents, v CHRIS KOSACHUK, Appellant. [853 NYS2d 75]—

Since defendant did not convey his shares as part of a larger conveyance of Good Energy as a going concern, but, rather, sold his shares back to the majority shareholder, no issue of "continuity of place" or "continuity of name" is involved, and the "sale of business" rationale is not applicable (*see Purchasing Assoc. v Weitz*, 13 NY2d 267, 271 [1963]; *Titus & Donnelly v Poto*, 205 AD2d 475 [1994]). Instead, the covenants in the parties' agreement for purchase and sale should be analyzed under the stricter reasonableness standard applicable to employment agreements (*see BDO Seidman v Hirshberg*, 93 NY2d 382 [1999]).

The covenant not to solicit is unreasonable to the extent it restricts defendant from doing business with Good Energy's energy suppliers as well as its customers, since there are a limited number of energy suppliers in the United States, and the covenant effectively excludes defendant from continued employment in the industry. The covenant not to compete is reasonable in terms of duration, five years, but unreasonable in terms of geographic area, the entire United States, since Good Energy operates in only eight states. Furthermore, the covenant not to compete is unreasonable because it purports to prohibit defendant from dealing with Good Energy's entire client base, thus including not only those clients or customers that had been created and maintained at Good Energy's expense, but also those clients that were not serviced by defendant during his tenure at Good Energy and those that came to Good Energy solely because of a preexisting relationship with him (*see BDO Seidman*, 93 NY2d at 392).

In light of the above, plaintiffs' cross motion for summary judgment must be denied. While defendant concededly had a relationship with Triple Net Properties, a former customer of Good Energy, the circumstances giving rise to that relationship are not clear. At a minimum, a factual issue exists whether defendant breached the restrictive covenants as narrowed above.

Defendant's counterclaims and third-party complaint were properly dismissed because the record evidence does not support his allegation that he was "forced" to sell his minority interest or that his interests were undervalued and resold at a considerable profit. Concur—Mazzarelli, J.P., Saxe, Friedman and Nardelli, JJ. [*See* 2007 NY Slip Op 30171(U).]