■ MAGGI PEYTON et al., Respondents, v PWV ACQUISITION LLC et al., Appellants. [955 NYS2d 41]—

The evidence demonstrated that defendants attempted to modify or substitute an ancillary parking service to which the plaintiffs were entitled, without requisite approval from the Division of Housing and Community Renewal (DHCR). The

landlord defendants (PWV defendants) nonetheless entered into a contract to sell the subject open-air parking lot for development purposes to defendant Jewish Home Lifecare, Manhattan, prior to obtaining the requisite approval from the DHCR. In light of the foregoing, and the standard delays that were shown to be attendant to applications by defendants for regulatory approval of proposed building construction, the $75,000 undertaking required by the court, pending final resolution of plaintiffs' action for declaratory and injunctive relief, was rationally related to defendants' potential damages should the preliminary injunction later prove to have been unwarranted (*see generally 3636 Greystone Owners v Greystone Bldg.*, 4 AD3d 122, 123 [1st Dept 2004]). Concur—Tom, J.P., Mazzarelli, Moskowitz, Abdus-Salaam and Feinman, JJ.