BUCHANAN CAPITAL MARKETS, LLC, Formerly Known as MARCUM BUCHANAN ASSOCIATES, LLC, Appellant, v JOANNE DELUCCA et al., Respondents. [41 NYS3d 229]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered May 17, 2016, which denied plaintiff's application for a preliminary injunction, unanimously affirmed, without costs.

Plaintiff sought an injunction enforcing covenants not to compete in employment agreements between its predecessor and defendants. Thus, to show a likelihood of success on the merits, plaintiff had to show that the restrictive covenants were enforceable. However, such covenants are not enforceable if the employer (plaintiff) does not demonstrate "continued willingness to employ the party covenanting not to compete" (*Post v Merrill Lynch, Pierce, Fenner & Smith*, 48 NY2d 84, 89 [1979]), i.e., defendants. The motion court did not improvidently exercise its discretion (*see e.g. Matter of Prospect Park E. Network v New York State Homes & Community Renewal*, 125

AD3d 435 [1st Dept 2015]) in denying the injunctive relief sought since the "conflicting affidavits raise[d] sharp issues of fact" (*Residential Bd. of Mgrs. of Columbia Condominium v Alden*, 178 AD2d 121, 123 [1st Dept 1991]).

Plaintiff also sought an injunction ordering defendants to return its proprietary information. It is not entirely clear from plaintiff's briefs what this information consists of. To the extent the allegedly confidential information is information about plaintiff's clients, plaintiff failed to make a showing of a likelihood of success on the merits (*see Ashland Mgt. Inc. v Altair Invs. NA, LLC*, 14 NY3d 774, 775 [2010]; *see also 1 Model Mgt., LLC v Kavoussi*, 82 AD3d 502, 503 [1st Dept 2011]).

Even assuming plaintiff had shown a likelihood of success on the merits, it would also have to show irreparable injury. Plaintiff essentially complains that it has lost customers to defendants' new firm. However, "[l]ost profits . . . are clearly compensable with money damages" (*Sterling Fifth Assoc. v Carpentille Corp.*, 5 AD3d 328, 329 [1st Dept 2004]; *see Derfner Mgt. Inc. v Lenhill Realty Corp.*, 105 AD3d 683 [1st Dept 2013]).

Plaintiff further failed to show that the balance of the equities weighed in its favor. The preliminary injunction that it sought would have changed the status quo (*see Gama Aviation Inc. v Sandton Capital Partners, L.P.*, 93 AD3d 570, 571 [1st Dept 2012]). Unless plaintiff's predecessor's clients signed agreements to use plaintiff's predecessor for a set period of time—and there is no indication in the record that they did—the clients should be free to pick the firm they want, be it plaintiff or defendants' new firm (*see generally Brown & Brown, Inc. v Johnson*, 25 NY3d 364, 370 [2015]). Concur—Mazzarelli, J.P., Andrias, Saxe, Feinman and Gische, JJ.