■ ORIBE CANALES, Derivatively on Behalf of ORIBE HAIR CARE, LLC, a New York Limited Liability Company, Respondent, v TEVYA FINGER et al., Appellants. [47 NYS3d 299]—

Order, Supreme Court, New York County (Saliann Scarpulla,

J.), entered September 21, 2015,* to the extent it set an undertaking in the amount of $250,000, unanimously affirmed, without costs, and the appeal therefrom, to the extent it granted plaintiff's motion for a temporary restraining order (TRO), unanimously dismissed, without costs, as moot; order, same court and Justice, entered June 5, 2015, which granted plaintiff's motion to act as his own surety and denied defendants' motion to increase the amount of the undertaking, unanimously modified, on the law and the facts, to alter the form of the undertaking; order, same court and Justice, entered July 14, 2015, which, upon vacating the TRO and denying plaintiff a preliminary injunction, vacated the undertaking without defendants having an opportunity to move against it, unanimously modified, on the law, the facts, and in the exercise of discretion, to set the undertaking in the amount of $250,000 in cash placed in escrow or a surety bond, pending a determination of defendants' damages, if any, as a result of the pendency of the TRO, and otherwise affirmed, without costs.

The IAS court did not abuse its discretion in setting an undertaking at $250,000 for the TRO. Based on the record before the court, this amount was reasonably related to defendants' potential harm from the pendency of the TRO (see Peyton v PWV Acquisition LLC, 101 AD3d 446, 447 [1st Dept 2012]).

However, the court erred in vacating the undertaking when it denied the preliminary injunction and dissolved the TRO. The purpose of the undertaking is to provide a source of recovery to the nonmovant for damages suffered from the pendency of the restraint (see CPLR 6315). As such, the undertaking should be reinstated, in the amount of $250,000, pending a determination of defendants' damages, if any, from the pendency of the TRO. Here, the court allowed plaintiff to use his personal condominium, which was co-owned with another person, as security. As defendants correctly note, if they established damages from the TRO and wanted to collect, they would have to foreclose on any lien that was filed, and bring another proceeding against plaintiff and the co-owner to force the sale of the real property. This defeats the purpose of the undertaking here, where the TRO has been vacated. Thus, under these circumstances, the undertaking of $250,000, shall be from a third-party surety, or funds placed in an escrow account. The undertaking, in this form, shall be posted within 15 days of the date of this order. Concur—Friedman, J.P., Renwick, Richter and Moskowitz, JJ.

---

* The order was a transcript of a decision dated February 25, 2015, subsequently so-ordered by the Supreme Court.