Matter of Bison El. Serv., Inc. v City of Buffalo (2019 NY Slip Op 01971)





Matter of Bison El. Serv., Inc. v City of Buffalo


2019 NY Slip Op 01971


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND CURRAN, JJ.


1199 CA 18-00889

[*1]IN THE MATTER OF BISON ELEVATOR SERVICE, INC., PETITIONER-RESPONDENT,
v
CITY OF BUFFALO, STEVEN STEPNIAK, AS COMMISSIONER OF CITY OF BUFFALO DEPARTMENT OF PUBLIC WORKS, AND D.C.B. ELEVATOR CO., INC., RESPONDENTS-APPELLANTS. 






TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (DAVID M. LEE OF COUNSEL), FOR RESPONDENTS-APPELLANTS CITY OF BUFFALO AND STEVEN STEPNIAK, AS COMMISSIONER OF CITY OF BUFFALO DEPARTMENT OF PUBLIC WORKS.
WOODS OVIATT GILMAN LLP, BUFFALO (BRIAN D. GWITT OF COUNSEL), FOR RESPONDENT-APPELLANT D.C.B. ELEVATOR CO., INC.
LIPPES MATHIAS WEXLER FRIEDMAN LLP, BUFFALO (THOMAS J. GAFFNEY OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeals from a judgment (denominated order) of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered February 14, 2018 in a CPLR article 78 proceeding. The judgment, inter alia, granted the petition, annulled the award of an elevator maintenance contract to respondent D.C.B. Elevator Co., Inc., and directed respondent City of Buffalo to readvertise for bids under the terms of the original request for proposals. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the petition is denied, the undertaking is reinstated, petitioner is directed to post an undertaking in the amount of $30,000 within 30 days of service of a copy of the order of this Court with notice of entry, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to annul the award of an elevator maintenance contract by respondents City of Buffalo (City) and Steven Stepniak, in his capacity as Commissioner of the City Department of Public Works (collectively, City respondents), to respondent D.C.B. Elevator Co., Inc. (DCB). Supreme Court, in effect, granted the petition by annulling the award of the contract to DCB and directing the City respondents to readvertise for bids under the terms of the original request for proposals (RFP). Respondents appeal.
The City respondents awarded DCB the contract after DCB submitted the lowest bid in response to the City respondents' RFP. Petitioner protested the award of the contract to DCB on the ground that DCB was unable to comply with the RFP's requirement that each bidder show that its main operating facilities were equipped with certain machine shop equipment (Machine Shop Clause) because DCB relied on outside contractors for access to such equipment. The Deputy Director of Building Operations for the City (deputy) sent an email to the City's corporation counsel in which he recommended that petitioner's protest be dismissed and opined that DCB's bid complied with the terms of the RFP. The deputy then forwarded the email to DCB but not to petitioner. Instead of dismissing the protest and awarding the contract to DCB, however, the City respondents rejected all bids and issued a revised RFP that, among other things, provided that the Machine Shop Clause could be satisfied through the use of outside contractors. Upon the submission of new bids, the City respondents awarded the contract to DCB, which was again the lowest bidder.
Respondents contend that the court erred in granting the petition because the City [*2]respondents' determination to reject the initial bids and to re-bid the contract was not irrational, dishonest, or unlawful. We agree. With respect to bidding on public contracts, "statutory law specifically authorizes the rejection of all bids and the readvertisement for new ones if deemed to be for the public interest so to do' . . . Although the power to reject any or all bids may not be exercised arbitrarily or for the purpose of thwarting the public benefit intended to be served by the competitive process . . . , the discretionary decision ought not to be disturbed by the courts unless irrational, dishonest or otherwise unlawful" (Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth., 66 NY2d 144, 149 [1985]). "[T]he mere appearance' of impropriety is not [a] sufficient ground to disturb the decision . . . absent a showing of actual favoritism, fraud or similar evil which competitive bidding is intended to prevent" (id. at 148), and "where the party challenging the decision does not satisfy the burden of making such a demonstration, [the municipality's] decision should remain undisturbed" (id. at 149-150).
We conclude that petitioner failed to demonstrate actual favoritism or impropriety on the part of the City respondents based upon the City respondents' communication with DCB. While "it would have been wiser" for the City respondents to have communicated with all bidders regarding its interpretation of the Machine Shop Clause so as to avoid the appearance of impropriety, the single communication with DCB regarding that interpretation does not "show[ ] actual favoritism, fraud or similar evil" (id. at 148), and thus did not demonstrate "actual impropriety or unfair dealing" sufficient to merit disturbing the City respondents' determination to reject all bids and issue a revised RFP (id. at 149). Moreover, we note that the alleged appearance of impropriety arising from the City respondents' actions in communicating only with DCB was ameliorated by their issuance of the revised RFP, which clarified the Machine Shop Clause for all bidders and allowed them to revise their bids with that understanding.
We further conclude that petitioner failed to establish that the City respondents lacked a rational basis for rejecting the bids and issuing a revised RFP. By clarifying that the Machine Shop Clause allowed bidders to use equipment provided by outside contractors, the City respondents opened the bids to a larger competitive pool, an action that aligns with the public interest of "fostering honest competition" (id. at 148). Additionally, as noted, the clarification avoided the appearance of favoritism and allowed all bidders to have an equal understanding of the City respondents' requirements. Because petitioner has not overcome the presumption of regularity with respect to the City respondents' rejection of bids and issuance of a revised RFP, the court erred in granting the petition (see Matter of Sicoli & Massaro, Inc. v Grand Is. Cent. Sch. Dist., 309 AD2d 1229, 1231 [4th Dept 2003]).
We therefore reverse the judgment, deny the petition, reinstate the undertaking, and remit the matter to Supreme Court, Erie County, to provide respondents an opportunity to make a motion for a determination of the damages, if any, sustained by reason of the preliminary injunction (see CPLR 6315; see generally Canales v Finger, 147 AD3d 549, 550 [1st Dept 2017]).
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court