Sussman Educ., Inc. v Gorenstein (2019 NY Slip Op 06707)





Sussman Educ., Inc. v Gorenstein


2019 NY Slip Op 06707


Decided on September 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 24, 2019

Acosta, P.J., Manzanet-Daniels, Mazzarelli, Webber, Moulton, JJ.


9913N 655978/18

[*1] Sussman Education, Inc., Plaintiff-Respondent,
v
Eric Gorenstein, Defendant-Appellant, M. Infantino & Associates, Inc. doing business as Educational Resource Company, Defendant.


Shapiro Litigation Group PLLC, New York (Alison B. Cohen and David J. Shapiro of counsel), for appellant.
Akerman LLP, New York (Jeffrey A. Kimmel of counsel), for respondent.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered December 21, 2018, which, inter alia, granted plaintiff's motion for a preliminary injunction restraining defendant Eric Gorenstein, until August 24, 2020, from soliciting or attempting to solicit certain entities to do business with defendant M. Infantino & Associates, Inc. d/b/a Educational Resource Company, unanimously reversed, on the law, without costs, and the motion denied.
The party seeking a preliminary injunction must make a "clear showing of a likelihood of success on the merits, irreparable harm if the injunction [i]s not granted, and a balance of equities in its favor" (Sterling Fifth Assoc. v Carpentille Corp., 5 AD3d 328, 329 [1st Dept 2004]). Plaintiff failed to make such a showing.
To show a likelihood of success on the merits, plaintiff had to demonstrate that the restrictive covenant signed by Gorenstein was enforceable (see Buchanan Capital Mkts., LLC v DeLucca, 144 AD3d 508 [1st Dept 2016]). A covenant not to compete is not enforceable "when the party benefited was responsible for the breach of the contract containing the covenant" (Cornell v T. V. Dev. Corp., 17 NY2d 69, 75 [1966]). Gorenstein submitted an affidavit stating plaintiff owed him $42,520 in commissions. In reply, plaintiff's president submitted an affidavit saying Gorenstein's termination was unrelated to commissions, but he did not deny that plaintiff owed Gorenstein commissions.
Separate and apart from the issue of plaintiff's breach, the covenant prohibits Gorenstein from soliciting "any Person who is a publisher, K-12 school or business relation of [plaintiff], whether or not [he] had personal contact with such Person." This is overbroad (see Brown & Brown, Inc. v Johnson, 25 NY3d 364, 370-371 [2015]; Good Energy, L.P. v Kosachuk, 49 AD3d 331, 332 [1st Dept 2008]). The covenant is also overbroad in that it contains no geographical restriction (see Good Energy, 49 AD3d at 332; Crippen v United Petroleum Feedstocks, 245 AD2d 152, 153 [1st Dept 1997]; Garfinkle v Pfizer, Inc., 162 AD2d 197 [1st Dept 1990]). Even if plaintiff and the court could narrow the geographical area in the injunction (compare Crippen, 245 AD2d at 153, with Willis of N.Y. v DeFelice, 299 AD2d 240, 241-242 [1st Dept 2002]), neither plaintiff nor the court narrowed the scope of the anti-solicitation provision.
It was also an improvident exercise of the court's discretion to grant a preliminary injunction where the conflicting affidavits raised sharp issues of fact (see e.g. Residential Bd. of Mgrs. of Columbia Condominium v Alden, 178 AD2d 121, 123 [1st Dept 1991]), including whether plaintiff terminated Gorenstein for cause (see Buchanan Capital Mkts., LLC, 144 AD3d at 508-509), and whether the contact information for plaintiff's clients was confidential (see e.g. [*2]Samuel-Rozenbaum USA v Felcher, 292 AD2d 214, 215 [1st Dept 2002]).
In light of plaintiff's failure to make a clear showing of a likelihood of success on the merits, it is unnecessary to reach the issues of irreparable injury and balance of the equities (see Sterling Fifth Assoc., 5 AD3d at 329). Were we to consider these points, we would note that plaintiff's president was able to quantify plaintiff's loss of business (see Buchanan Capital Mkts., LLC, 144 AD3d at 509; Perez v Computer Directions Group, 177 AD2d 359 [1st Dept 1991]). Furthermore, the relative hardship to Gorenstein if an injunction is granted appears to be greater than that to plaintiff if the injunction is denied (see Barbes Rest. Inc. v ASRR Suzer 218, LLC, 140 AD3d 430, 432 [1st Dept 2016]), and the preliminary injunction changed the status quo (see e.g. Buchanan Capital Mkts., LLC, 144 AD3d at 509).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 24, 2019
CLERK