Avenue A Assoc. LP v Board of Mgrs. of the Hearth House Condominium (2021 NY Slip Op 00105)





Avenue A Assoc. LP v Board of Mgrs. of the Hearth House Condominium


2021 NY Slip Op 00105


Decided on January 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 12, 2021

Before: Acosta, P.J., Webber, González, Scarpulla, JJ. 


Index No. 159073/19 Appeal No. 12858 Case No. 2020-01552 

[*1]Avenue A Associates LP, Plaintiff-Appellant,
v
Board of Managers of the Hearth House Condominium, et al., Defendants-Respondents.


Starr Associates LLP, New York (Andrea L. Roschelle of counsel), for appellant.
Abrams Garfinkel Margolis Bergson, LLP, New York (Barry G. Margolis of counsel), for respondents.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered January 17, 2020, which denied plaintiff's motion for a preliminary injunction and granted defendants' cross motion to dismiss the complaint, unanimously affirmed, with costs.
To obtain a preliminary injunction, the movant "must demonstrate a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of equities in its favor" (Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]). None of these elements are present here, and thus, the court providently exercised its discretion in denying the motion for a preliminary injunction (see Kazdin v Putter, 177 AD2d 456, 457 [1st Dept 1991]).
Plaintiff has not demonstrated a likelihood of success on the merits based on the unambiguous terms of the Condominium's Declaration and By-Laws, which constitute a binding contract (Pomerance v McGrath, 124 AD3d 481, 482 [1st Dept 2015], lv dismissed 25 NY3d 1038 [2015]). The motion court properly interpreted the Condominium's Declaration and By-Laws to conclude that plaintiff did not meet its burden of showing that it was permitted to install the vent stack at issue. The Declaration plainly precludes this type of intentional encroachment on the Residential Unit.
The court also properly concluded that plaintiff did not establish that it would suffer irreparable harm in the absence of injunctive relief. While plaintiff contends that its tenant stands to suffer the forfeiture of its investment and business, the tenant is not a party to this action, and plaintiff's only business as the landlord of this tenant is to collect rent. The irreparable injury element is not satisfied where lost profits can be compensated with a future award of money damages (see e.g. Buchanan Capital Mkts., LLC v DeLucca, 144 AD3d 508 [1st Dept 2016]). While plaintiff relies on certain provisions of the By-Laws stating that the tenant (as lessee) has equal rights to plaintiff under the governing documents, these provisions do not equate plaintiff's economic damages to those that its tenant allegedly suffered.
Nor did the motion court improvidently exercise its discretion in finding that plaintiff failed to show that a balancing of the equities favored its position. Defendants were acting within their rights under the Declaration, and plaintiff's loss of rental income is directly attributable to its decision to lease the Commercial Unit to a tenant that required an extensive exhaust system to operate a commercial kitchen space.
Further, the motion court properly granted defendants' cross motion to dismiss the complaint. Plaintiff's breach of contract and permanent injunction claims are conclusively refuted by the Declaration and By-Laws, and the cause of action for a declaration is duplicative. With respect to the tortious interference with contract claim, plaintiff failed to sufficiently allege that defendants intentionally procured a breach of [*2]its contract with its tenant without justification (see e.g. Oddo Asset Mgt. v Barclays Bank PLC, 19 NY3d 584, 594 [2012]). Nor has plaintiff stated a claim for breach of fiduciary duty against defendants.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2021