| Scaba v Scaba |
|:---:|
| 2024 NY Slip Op 32225(U) |
| July 1, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 652240/2024 |
| Judge: Nancy M. Bannon |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. NANCY M. BANNON**

*Justice*

|  |  |
|---|---|
| PART | **61M** |

---------------------------------------------------------------------------------X

STEVEN SCABA and S3 DESIGN GROUP LLC

Plaintiff,

- v —

JACK SCABA and JME & CO. NYC, LLC,

Defendant.

---------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 652240/2024 |
| MOTION DATE | 06/25/2024 |
| MOTION SEQ. NO. | 001 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 55, 56, 57, 58, 59, 60

were read on this motion to/for _____INJUNCTION/RESTRAINING ORDER_____.

The following e-filed documents, listed by NYSCEF document number (Motion 002) 17, 18, 19, 20, 21, 22, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54

were read on this motion to/for _____INJUNCTION/RESTRAINING ORDER_____.

The individual plaintiff in this breach of contract action, Steven Scaba, is the brother of defendant Jack Scaba, who was the CEO of the family business, Argento S.C. by Sicura, Inc. (Argento). After working together in Argento for approximately 20 years, Steven Scaba and Jack Scaba decided to part ways. Upon the advice of their father, in October 2023, the brothers, each being a 50% shareholder in Argento, entered into a written separation agreement whereby they scheduled separate time in the office and divided certain categories of goods sold by the business and each started their own company, also named as parties herein. In this action, each accuses the other, *inter alia*, of breaching the contract, including the non-compete provision, and each seeks monetary damages as well as injunctive and other equitable relief. Steven Scab alleges that Jack Scaba engaged in business in the categories assigned to Steven and with long-standing clients of Steven. Notably, the defendants variously allege that they did not breach the separation agreement, that the plaintiffs breached the agreement by failing to pay expenses as agreed and by not cooperating with an accounting, and also that there was no final agreement between the brothers to breach.

**652240/2024  SCABA, STEVEN ET AL vs. SCABA, JACK ET AL**
**Motion No.  001 002**

Page 1 of 5

Two motions for a preliminary injunction are now before the court for decision. The plaintiffs moved by Order to Show Cause to enjoin the defendants from violating the non-compete provision for the duration of the litigation (MOT SEQ 001), based on an allegation of improper sales, and to enjoin defendant Jack Scaba from assaulting, battering or threatening Steven Scaba, based upon an alleged physical assault by Jack Scaba at the Argento office (MOT SEQ 002). In the Orders to Show Cause dated May 6, 2024, and May 31, 2024, this court granted the plaintiffs TROs. The parties submitted papers in support of and in opposition to the motions and the court heard oral argument on June 25, 2024.

To obtain a preliminary injunction, a movant must demonstrate, by clear and convincing evidence, (1) a likelihood of success on the merits, (2) irreparable injury if a preliminary injunction is not granted, and (3) a balance of equities in his or her favor. See CPLR 6301; Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839 (2005); Doe v Axelrod, 73 NY2d 748 (1988); OraSure Technol., Inc. v Prestige Brands Holdings, Inc., 42 AD3d 348 (1st Dept. 2007).

Here, the plaintiffs have met this burden as to MOT SEQ 001. By their submissions, the plaintiffs have demonstrated, by clear and convincing evidence, a likelihood of success on the merits, at least as to some of their claims and in defense of the counterclaims made against them by the defendants. Generally, where the "plaintiffs can be fully compensated by a monetary award…an injunction will not issue because no irreparable harm will be sustained in the absence of such relief" (Medallion Fin. Corp. v Tsitiridis, 203 AD3d at 627 [1st Dept. 2022] citing Credit Agricole Indosuez v Rossiyskily Kredit Bank, 94 NY2d 541, 548 [2000]) and "lost profits… are clearly compensable with money damages." Buchanan Capital Markets, LLC v DeLuca, 144 AD3d 508, 509 (1st Dept. 2016) quoting Sterling Fifth Assoc. v Carpentille Corp., 5 AD3d 328, 329 (1st Dept. 2004). However, the plaintiffs have shown that should this relief not be granted, they would also suffer irreparable harm in the loss of goodwill and reputation acquired over many years through Steven Scaba's work at Argento, which cannot entirely be compensated by money damages. See Newmark Partners. L.P. v Hunt, 200 AD3d 557 (1st Dept. 2021); FTI Consulting, Inc. v PricewaterhouseCoopers LLP, 8 AD3d 143 (1st Dept. 2004); Hay Group, Inc. v Nadel, 170 AD2d 398 (1st Dept. 1991). In addition to being limited in duration, "[t]he noncompetition provision also advances a legitimate economic interest of the plaintiffs, i.e. protection of the business' goodwill." Newmark Partners. L.P. v Hunt supra at 557. Moreover, "irreparable harm is presumed from the breach of a noncompetition provision intended to protect the purchase of a business and accompanying goodwill." Newmark Partners. L.P. v Hunt supra

at 557 citing Manhattan Real Estate Equities Group LLC v Pine Equity NY, Inc. 16 AD3d at 292 (1st Dept. 2005); Lund v Agmata Washington Enterp., Inc., 190 AD2d 577 (1st Dept. 1993). A balancing of the equities favors the plaintiffs since the defendants would suffer no injury or prejudice by being enjoined from violating their own agreement with plaintiffs. Indeed, they allege none.

The granting of a preliminary injunction requires the posting of an undertaking "in an amount to be fixed by the court." CPLR 6312(b); see Suttongate Holdings Limited v Laconm Management N.V., 159 AD3d 514 (1st Dept. 2018). The amount of the undertaking must be "rationally related to defendants' potential damages should the preliminary injunction later prove to have been unwarranted." Peyton v PWV Acquisition LLC, 101 AD3d 446, 447 (1st Dept. 2012). Here, neither party addresses this issue. However, a review of the parties' submissions supports a directive that the plaintiff shall post an undertaking in the amount of $50,000.00 as a condition of granting the preliminary injunction.

The plaintiffs have not met their burden as to MOT SEQ 002, wherein plaintiff Steven Saba seeks to enjoin defendant Jack Scaba from "assaulting, battering, threatening, harassing or menacing" him or his employees. In his verified amended complaint, Steven Scaba alleges that on May 6, 2024, while both parties were present at the Argento offices and Steven Scaba was attempting to remove speakers belonging to him to take to his new office, Jack Scaba knocked him to the ground causing injury to his lip and thereafter tossed a speaker and "ripped down" cameras that Steven Scaba had purchased for that office. Steven Scaba went to a local precinct to file a police report of the incident on May 9, 2024, but decided not to file once the officers told him his brother would be arrested. Jack Scaba filed his own police report the following month, on June 6, 2024, just after this court issued a TRO against him. In his affidavit in opposition, Jack Scaba alleges that it was Steven Scaba who was the aggressor on May 9, 2024, in that his brother pushed him out of his way, ripped open boxes, threw them about the room "in a menacing manner" and refused to comply with Jack Scaba's demands to leave (The defendants had remained at the Argento office while the plaintiffs were in the process of moving to a new office). Steven Scaba alleges only this one incident and Jack Scaba represented in his police report only that Steven Scaba had pushed him sometime previously and did not cause injury. There are no factual allegations to support a preliminary injunction in favor of any of Steven Scaba's employees.  Under these facts and circumstances, the preliminary injunction sought is not warranted. In any event, all parties are aware that any assaultive or harassing

[* 3]

conduct may constitute a criminal offense which could result in serious criminal consequences including fine or imprisonment. The denial of this motion is without prejudice to the filing of further motion for injunctive relief preliminary or any criminal complaint based on additional conduct. The parties shall guide themselves accordingly.

Although the defendants filed a purported cross-motion to the Orders to Show Cause seeking reciprocal preliminary injunctions, it is procedurally improper. It was filed on June 21, 2024, the due date for opposition, without any opportunity for the plaintiffs to reply. However, it is considered by the court as opposition to both motions.

Accordingly, upon the foregoing papers and after oral argument, it is

ORDERED that the plaintiffs' motion for a preliminary injunction enjoining the defendants, Jack Scaba and JME & Co. NYC, LLC, from taking any actions to breach the non-competition clause contain in the parties' separation agreement during the pendency of this action (MOT SEQ 001) is granted to the extent that, pending the disposition of this action or until a further order of the court, and on the condition that the plaintiffs post the undertaking directed herein, the defendants are so enjoined, and it is further

ORDERED that, in connection with the preliminary injunction (MOT SEQ 001), the plaintiff shall post an undertaking in the sum of $50,000.00, conditioned that the plaintiffs, if it is finally determined that they were not entitled to an injunction, will pay to the defendants all damages and costs which may be sustained by reason of this injunction; and it is further

ORDERED that the plaintiffs' motion for a preliminary injunction enjoining defendant Jack Scaba from "assaulting, battering, threatening, harassing or menacing" him or his employees (MOT SEQ 002) is denied, and the temporary restraining order issued on May 31, 2024, is vacated, and it is further

ORDERED that the parties shall promptly comply with the Commercial Division ADR program referral order previously issued by the court and appear for a preliminary conference in Part 61 on October 10, 2024, at 11:30 a.m., and it is further

ORDERED that the Clerk shall mark the file accordingly.

**652240/2024   SCABA, STEVEN ET AL vs. SCABA, JACK ET AL**
**Motion No.  001 002**

**Page 4 of 5**

This constitutes the Decision and Order of the court.

20240701142817NBANNON305C2DE5E4834B4F8A90EF45B46D29D2

_____
**7/1/2024**
**DATE**

CHECK ONE:

| | |
|---|---|
| ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION |
| ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART ☐ |

652240/2024   SCABA, STEVEN ET AL vs. SCABA, JACK ET AL
Motion No.  001 002

Page 5 of 5

5 of 5