Gaon Wellness Acupuncture Physical Therapy & Chiropractic P.L.L.C. v Jiae (2025 NY Slip Op 00911)

Gaon Wellness Acupuncture Physical Therapy & Chiropractic P.L.L.C. v Jiae

2025 NY Slip Op 00911

Decided on February 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 18, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Shulman, Higgitt, Michael, JJ. 

Index No. 452930/22 Appeal No. 3717 Case No. 2024-02050 

[*1]Gaon Wellness Acupuncture Physical Therapy and Chiropractic P.L.L.C., Plaintiff-Appellant,
v
Kim Jiae Also Known as Jaie Kim etc., et al., Defendants-Respondents.

The Basil Law Group, P.C., New York (David A. Cohen of counsel), for appellant.
Sobel Han, LLP, New York (Deborah A. Bryant of counsel), for respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered March 5, 2024, which, to the extent appealed from as limited by the briefs, granted the motion of defendant Kim Jiae for summary judgment dismissing the causes of action for breach of contract (first and second causes of action), unanimously reversed, on the law, without costs, and the motion denied.
Supreme Court erred in finding that there was no meeting of the minds in the formation of the parties' contract and that the contract was therefore unenforceable. The court found that Kim breached the contract's noncompete covenant at the time she signed it because she was already providing physical therapy services at her own establishment, which was known by plaintiff. Accordingly, the parties could not have formed a mutual understanding and agreement about the terms of their arrangement. However, the facts regarding Kim's activities were known to the court only through its consideration of extrinsic evidence. Evidence outside the four corners of the document is generally inadmissible when interpreting an unambiguous contract term (see R/S Assoc. v New York Job Dev. Auth., 98 NY2d 29, 33 [2002]). Kim does not point to any ambiguity in the restrictive covenants at issue, instead she merely identifies ways in which the contract was counterfactual. For example, Kim highlights that the agreement provided she would render full-time acupuncture services when in fact she provided part-time physical therapy. These circumstances, however, are insufficient to show that the contract was internally inconsistent or ambiguous.
We reject Kim's argument that the agreement fails for lack of consideration, as the record offers no suggestion that plaintiff did not have the option to discontinue working with her. Thus, Kim's continued engagement suffices as consideration (see Zellner v Stephen D. Conrad, M.D., P.C., 183 AD2d 250, 255 [2d Dept 1992]). We also reject Kim's assertion that because plaintiff breached the agreement by not paying her, it may not enforce the agreement's restrictive covenants, as this record does not establish that plaintiff failed to pay her.
At this stage of the litigation, Kim's argument that the noncompete covenant is unreasonable does not offer a sufficient basis to dismiss the breach of contract causes of action. Even assuming that the noncompete covenant is overbroad, there is no rule that automatically invalidates overbroad employment agreements not to compete (see BDO Seidman v Hirshberg, 93 NY2d 382, 394 [1999]). Even when it is overbroad, a noncompete covenant may be partially enforced if an employer demonstrates, among other things, that it has not overreached and that it has "in good faith sought to protect a legitimate business interest, consistent with reasonable standards of fair dealing" (id.; see also Good Energy, L.P. v Kosachuk, 49 AD3d 331, 332 [1st Dept 2008]). This record is not sufficiently developed to establish whether partial enforcement would [*2]be appropriate.
In light of our determination, we need not reach the remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 18, 2025