Arencibia v SilverLining, Inc. (2025 NY Slip Op 05761)

Arencibia v SilverLining, Inc.

2025 NY Slip Op 05761

Decided on October 21, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 21, 2025

Before: Webber, J.P., Gesmer, Rodriguez, Higgitt, O'Neill Levy, JJ. 

Index No. 659588/24|Appeal No. 4524 & M-4044|Case No. 2025-00723|

[*1]Joel Arencibia, Plaintiff-Respondent,
v
SilverLining, Inc., Defendant-Appellant.

Duane Morris LLP, New York (Leslie D. Corwin of counsel), for appellant.
Harris St. Laurent & Wechsler LLP, New York (Adam Oppenheim of counsel), for respondent.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered January 22, 2025, which, to the extent appealed from as limited by the briefs, denied defendant's motion for a declaratory judgment and to dismiss the complaint, and found that plaintiff is entitled to a declaration that a covenant not to compete provision in his employment agreement is unenforceable, unanimously affirmed, with costs.
Supreme Court properly held that the covenant not to compete is unenforceable (see generally BDO Seidman v Hirshberg, 93 NY2d 382, 388-389 [1999]). The covenant would prohibit plaintiff from providing services for competitive businesses for three years, irrespective of any connection to serving defendant's customers. This restriction is overly broad (see id. at 392; see also Brown & Brown, Inc. v Johnson, 25 NY3d 364, 370-371 [2015]; Crippen v United Petroleum Feedstocks, 245 AD2d 152, 153 [1st Dept 1997]; cf. Maltby v Harlow Meyer Savage, 223 AD2d 516 [1st Dept 1996], lv dismissed 88 NY2d 874 [1996]).
We reject defendant's argument that because the employment agreement stated that severance payments "shall be subject to" receipt of a general release of liability to be negotiated by the parties, and plaintiff accepted severance payments, this action is barred. It is undisputed that plaintiff received severance payments despite not executing such a release (cf. Allen v Riese Org., Inc., 106 AD3d 514, 516-517 [1st Dept 2013]), and there is no basis for defendant to enforce an otherwise unenforceable noncompete covenant.
We have considered defendant's remaining contentions and find them unavailing.
M — 4044 - Arencibia v Silverlining, et al. Motion to withdraw appeal denied.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 21, 2025